**Larry D. STARKEY, Petitioner,**

v.

**DEPARTMENT OF THE
NAVY, Respondent.**

No. 99–3229.

United States Court of Appeals,
Federal Circuit.

Decided: Jan. 5, 2000.

Larry D. Starkey, of Pensacola, Florida, pro se.

Franklin E. White, Jr., Trial Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, of Washington, DC, for respondent. With him on the brief were David W. Ogden, Acting Assistant Attorney General; David M. Cohen, Director; and Bryant G. Snee, Assistant Director.

Before MICHEL, PLAGER, and LOURIE, Circuit Judges.

PLAGER, Circuit Judge.

This is a case of first impression, involving the question of whether constructive service time counts in determining preference eligibility for reduction-in-force ("RIF") protection. Richard D. Starkey appeals from a decision of the Merit Systems Protection Board ("MSPB"), No. AT0752980382–I–1 (Aug. 19, 1998), which dismissed his case on the grounds that he

had voluntarily resigned, and therefore the Board lacked jurisdiction. Because the MSPB's decision, which became final on March 5, 1999, was not supported by substantial evidence, *see* 5 U.S.C. § 7703(c)(1) (1994), we vacate and remand for further consideration.

## DISCUSSION

Mr. Starkey is a retired veteran who held a civilian position as an Electronics Technician with the Department of the Navy ("Navy"). In 1993, he resigned from his position in anticipation of a pending RIF due to the impending closure of the Naval facility at which he was then employed. Mr. Starkey now argues that his resignation was "involuntary" because the Navy, under the guidance of the Office of Personnel Management ("OPM"), gave him misinformation regarding his eligibility for preference in a RIF action. Mr. Starkey contends that he should have been deemed preference eligible for RIF purposes, but OPM incorrectly told him he was not. He contends that he resigned because he knew he stood no chance of retention without a preference. He further contends that had he been correctly informed as to his preference eligibility, he would not have resigned when he did, and his preference would have required the Navy to place him in another position. The MSPB held that he was not preference eligible for RIF purposes, and therefore OPM had not given him misinformation. The MSPB therefore concluded that his resignation was voluntary and dismissed his appeal for lack of jurisdiction. On appeal, Mr. Starkey claims that the MSPB erred in its conclusion that OPM did not give him misinformation, and therefore he is entitled to appeal his resignation.

The MSPB's jurisdiction is limited. *See* 5 U.S.C. § 7702(a) (1994); 5 C.F.R. § 1201.3 (1999). The scope of the Board's jurisdiction is a question of law which we review independently. *See Wulff v. Office of Personnel Management*, 133

F.3d 880, 882 (Fed.Cir.1998). The burden of establishing jurisdiction rests with Mr. Starkey, *see* 5 C.F.R. § 1201.56(a)(2)(i) (1999), who must make a nonfrivolous allegation of jurisdictional facts, *see, e.g., Stokes v. Federal Aviation Admin.*, 761 F.2d 682, 685–86 (Fed.Cir.1985).

Voluntary employee actions are not within the jurisdiction of the MSPB. However, in circumstances in which a purportedly voluntary resignation is a result of coercion, deception, or misinformation on the part of the employing agency, the resignation may be deemed involuntary and equated to a "constructive removal," allowing the MSPB to take jurisdiction over the appeal. *See, e.g., Cruz v. Department of the Navy*, 934 F.2d 1240, 1244 (Fed.Cir.1991); *Scharf v. Department of the Air Force*, 710 F.2d 1572, 1574–75 (Fed.Cir.1983). Resignations are presumed voluntary, and the burden of showing that the resignation was involuntary is on the petitioner. *See Cruz*, 934 F.2d at 1244. The petitioner need not show that the agency intentionally misinformed him. *See Scharf*, 710 F.2d at 1575.

The present dispute turns on the construction of 5 U.S.C. § 3501(a) (1994), which states, in relevant part:

§ 3501. Definitions; application

(a) For the purpose of this subchapter, except section 3504—

(1) "active service" has the meaning given it by section 101 of title 37;

(2) "a retired member of a uniformed service" means a member or former member of a uniformed service who is entitled, under statute, to retired, retirement, or retainer pay on account of his service as such a member; and

(3) a preference eligible employee who is a retired member of a uniformed service is considered a preference eligible only if—

\*    \*    \*

(B) his service does not include twenty or more years of full-time active service,

regardless of when performed but not including periods of active duty for training.

Section 3501 was enacted as part of the Dual Compensation Act of 1964. The purpose of this Act was to remove the "double benefit" to retired military personnel who received both retirement pay and civilian credit and preference based on their military service. Section 3501 defines who is eligible for preferential retention in the event of a RIF. Under § 3501, military retirees with 20 or more years of active service are *not* eligible for preference in a RIF, while those with less than 20 years of active service are eligible.

The question in this case is what constitutes "active service" for the purposes of § 3501. Specifically, the issue is whether "constructive service" counts toward the 20 year total. "Constructive service" is time credited to the serviceperson for various reasons, such as early re-enlistment, but not actually served on active duty. Mr. Starkey retired with 19 years, 9 months of active service and 3 months of constructive service, bringing his total to the 20 years required for retirement. Thus, if constructive service does not count as active service under § 3501, as Mr. Starkey contends, he is preference eligible (he has less than 20 years of active service). If constructive service does count as active service under § 3501, as OPM and the Navy contend, he is not preference eligible.

For the definition of "active service," § 3501 refers to 37 U.S.C. § 101 (1994 & Supp. III 1997), which states in relevant part:

§ 101. Definitions

* * *

(18) The term "active duty" means full-time duty in the active service of a uniformed service, and includes full-time training duty, annual training duty, full-time National Guard duty, and attendance, while in the active service, at a

school designated as a service school by law or by the Secretary concerned.

* * *

(20) The term "active service" means service on active duty.

The definitions are silent as to whether "active service" for purposes of § 3501 includes "constructive service." We therefore turn to the regulations promulgated by OPM under the authority of the statute to see if they fill in the gap in the statute. The applicable regulation is 5 C.F.R. § 351.501(d)(2) (1999), which states in relevant part:

§ 351.501  Order of retention—competitive service.

* * *

(d) A retired member of a uniformed service is considered a preference eligible under this part only if the member meets at least one of the conditions of the following paragraphs (d)(1), (2), or (3) of this section, except as limited by paragraph (d)(4) or (d)(5):

* * *

(2) The employee's retired pay from a uniformed service is not based upon 20 or more years of full-time active service, regardless of when performed but not including periods of active duty for training.

The regulation does not directly address the issue of constructive service. However, it does look at the military retiree's *pay*, rather than the service *time*. As such, the regulation removes the need to address the issue of constructive service— either the retiree is not paid based on 20 or more years of active service and is preference eligible, or the retiree is paid based on 20 or more years of active service and is not preference eligible. Under the regulation, it does not matter how the retiree's pay was determined (including or excluding constructive service), just what the basis for the pay is.

The MSPB originally addressed this issue in *Billings v. Tennessee Valley Auth.,*

21 M.S.P.R. 630 (1984), which was decided before the regulation was in effect. *Billings* interpreted the statute's "twenty or more years of full-time active service" to mean true active service, and did not count constructive service in calculating RIF preference eligibility. The MSPB revisited the issue after the adoption of the regulation in *Burrough v. Tennessee Valley Auth.*, 43 M.S.P.R. 117 (1990). *Burrough* reviewed the intervening regulation and specifically overruled *Billings:*

> We hold that an employee whose military retirement pay is based on credit for at least 20 years of full-time active service is considered, for RIF purposes, to have had 20 years of full-time active service, even if that employee's actual military service totals less than 20 years.... To the extent [*Billings*] is inconsistent with this decision, that holding is overruled.

*Id.* at 122. In *Burrough,* the parties stipulated that Burrough's retirement pay was based on 20 years of active service (part of which was constructive) and so the MSPB found Burrough ineligible for the preference. *See id.* at 119, 122–23.

■ This court has never addressed the issue of whether "constructive service" counts toward "active service" for purposes of preference eligibility in a RIF action. We find that 5 U.S.C. § 3501(a) and 37 U.S.C. § 101(18) & (20) do not address the issue of constructive service, leaving a gap in the statutory scheme. OPM has filled this gap with its final rule at 5 C.F.R. § 351.501(d)(2), which was implemented with proper notice and comment. Further, we find that OPM's decision to measure the length of active service based on the amount of retirement pay to be a reasonable interpretation of the statute and consistent with the stated purposes behind the statute. We therefore find that this regulation is

entitled to deference from this court. *See Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984). Following the regulation, we concur with *Burrough* and hold that a military retiree whose retirement pay is based on 20 years of active service is not eligible for preference in a RIF, and, conversely, a retiree whose pay is based on less than 20 years of active service is eligible for preference. *See* 43 M.S.P.R. at 122.

■ In the case of Mr. Starkey, the MSPB held that "the record clearly shows that the appellant is, indeed, receiving military retirement pay based on 20 years military service (19 years, 9 months actual service plus 3 months constructive service)." Slip op. at 5. Our review of the record finds no support for this holding. Indeed, considering that this is the key element under 5 C.F.R. § 351.501(d)(2) and *Burrough,* we find surprisingly little evidence on this point. Furthermore, what evidence we do find in the record comes from Mr. Starkey, who did seem to recognize the importance of this element, and who indicates that his pension is based on *19 years* of service. OPM and the Navy never directly address the issue of Mr. Starkey's pay, confining themselves to repeated assertions that his *retirement* (not his retirement *pay* ) was based on 20 years service.[1]

We therefore find that the MSPB's decision is unsupported by substantial evidence in the record and remand for further factual finding on this issue. If the MSPB finds that Mr. Starkey's retirement pay is in fact based on 20 years of active service, then it may properly find that he is not entitled to preference and dismiss the action for failure to state a claim on which relief may be granted. If, however, the MSPB finds that Mr. Starkey's retire-

---

**1.** Indeed, a review of the record shows that OPM and the Navy seem to read *Burrough* for the proposition that constructive service *al-* *ways* equates with active service. As we discussed *supra,* this is an incorrect reading of that case.

ment pay is based, as he contends, on less than 20 years of active service, then it should find that he was preference eligible. In that case, the MSPB should proceed with the analysis as to whether or not his resignation was "involuntary" because OPM gave him misinformation and whether or not Mr. Starkey has therefore properly stated a claim.[2]

2. We express no opinion as to the merits of Mr. Starkey's assertion that his resignation was involuntary.

## CONCLUSION

The decision of the MSPB is *VACATED and REMANDED.*