Bobbette R. GROCE, Petitioner,

v.

DEPARTMENT OF THE AIR
FORCE, Respondent.

No. 00–3270.

United States Court of Appeals,
Federal Circuit.

Feb. 13, 2001.

Before LOURIE, CLEVENGER, and LINN, Circuit Judges.

LINN, Circuit Judge.

Bobbette Groce seeks review of the final decision of the Merit Systems Protection Board ("Board") dismissing her appeal from the denial of her petition to withdraw her resignation for lack of jurisdiction. *See Groce v. Dept. of the Air Force*, No. DC–0752–099–0644–I–1 (Merit Sys. Prot. Bd. Feb. 17, 2000). Because substantial evidence supports the Board's finding that Groce's resignation was voluntary, and not the result of adverse action on the part of her employing agency, we hold that the Board does not have jurisdiction to hear and determine Groce's petition. Thus, we *affirm* the Board's dismissal of her appeal.

## BACKGROUND

Groce held the position of Military Personnel Clerk ("Clerk") at Aviano Air Base, Italy. She began a period of leave without pay ("LWOP") on December 13, 1997 that was not to exceed December 12, 1998. During her LWOP, Groce applied for a temporary position with the United States Postal Service ("USPS"). The USPS informed Groce on October 20, 1998 that she was ineligible to be hired by it while she was still employed as a Clerk by the Department of the Air Force ("the employing agency"). By letter to her employing agency dated October 22, 1998, Groce resigned from her position and requested that her resignation be made effective on October 23, 1998. The employing agency granted this request.

Several months later Groce requested that the employing agency cancel her resignation, contending that her resignation was the result of misinformation she had received from the USPS. The employing agency denied this request.

Groce appealed the denial of her request to the Board. Before the Board, she contended that the USPS had given her misleading information because, in her opinion, 39 U.S.C. § 1001(d) allowed the USPS to hire employees that had current status within another federal agency. In other words, she was not required to resign her Clerk position in order to work at the USPS.

In its decision, the Board stated that while the USPS may have given Groce misinformation,—a point which the Board did not think was clear from the record, but nevertheless assumed to be true for

purposes of Groce's appeal—there was no evidence that the employing agency had provided Groce with any incorrect information. The Board concluded, therefore, that Groce had not established that her resignation was involuntary. As a consequence, the Board dismissed Groce's appeal for lack of jurisdiction.

## DISCUSSION

### A. Standard of Review

Pursuant to 5 U.S.C. § 7703(c) (1994), this court must affirm the Board's decision unless it is: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule or regulation having been followed; or (3) unsupported by substantial evidence. *Chase–Baker v. Dep't of Justice*, 198 F.3d 843, 845 (Fed.Cir.1999). The burden of establishing reversible error in decision reviewing an administrative agency's decision, such as the Board's, rests upon the petitioner. *Harris v. Dep't of Veterans Affairs*, 142 F.3d 1463, 1467 (Fed.Cir.1998). The scope of the Board's jurisdiction, however, is a question of law that we review de novo. *Starkey v. Dep't of the Navy*, 198 F.3d 851, 852 (Fed.Cir.2000).

### B. Analysis

■ The Board has only that jurisdiction conferred on it by Congress. *Cruz v. Dep't of the Navy*, 934 F.2d 1240, 1243 (Fed.Cir.1991). By statute, the Board has been granted jurisdiction to hear and determine, *inter alia*, challenges to specific adverse actions of agencies including removals. *Id.* (citing 5 U.S.C. § 7512 (1994)). Voluntary employee actions are not within the jurisdiction of the Board because such actions are the result of the exercise of free choice by the employee rather than an adverse action by the employing agency. *Starkey*, 198 F.3d at 853.

■ An agency employee's resignation or retirement is presumed to be voluntary. *Staats v. United States Postal Serv.*, 99 F.3d 1120, 1123 (Fed.Cir.1996). However, if the resignation was the result of misinformation, the resignation is deemed involuntary and is equated to a "constructive removal," allowing the Board to take jurisdiction over the appeal. *See, e.g., Starkey*, 198 F.3d at 852, 856; *Cruz*, 934 F.2d at 1244; *Covington v. Dep't of Health & Human Serv.*, 750 F.2d 937, 943 (Fed. Cir.1984); *Scharf v. Dep't of the Air Force*, 710 F.2d 1572, 1574–75 (Fed.Cir.1983). The burden of showing that the resignation was involuntary is on the petitioner. *Starkey*, 198 F.3d at 852. The petitioner need not show that the misinformation was intended, just that it was provided. *Covington*, 750 F.2d at 942; *Scharf*, 710 F.2d at 1575.

■ Before us, Groce, again relying on her interpretation of 39 U.S.C. § 1001(d), contends that dual employment within the federal government is not prohibited and that the information she received from the USPS to the contrary was incorrect. The government argues that 39 U.S.C. § 1001(d) is inapplicable to Groce. The government notes that Groce had applied for a temporary position with the USPS, and 39 U.S.C. § 1001(d) only allows dual employment when the position with the USPS is a permanent employee position. In light of our holding below, we need not and do not decide this issue.

Neither party disputes that the USPS, not Groce's employing agency, provided Groce with the alleged misinformation. That fact notwithstanding, Groce asserts that the misinformation regardless of its source is sufficient to give the Board jurisdiction over her resignation. The government argues that because her employing agency was not the source of the misinfor-

mation, Groce's resignation from that agency was voluntary, and thus, the Board has no jurisdiction.

We agree with the government, and assume without deciding the issue that Groce was misinformed by the USPS.

■ The basis asserted here for the Board's jurisdiction is an adverse action by the employing agency. An involuntary resignation is deemed to be an adverse agency action. Where a resignation is alleged to be the result of misinformation and that misinformation is not supplied by the employing agency, then the employing agency cannot be charged with an adverse action because it cannot be said that the employing agency has interfered with the employee's free will in making the resignation decision. Thus, we hold that for an employee resignation to be deemed involuntary based on misinformation, the misinformation must have been provided by the employing agency or that agency's agent.

Here, there is substantial evidence supporting the Board's conclusion that whatever information or misinformation Groce might have received from the USPS, the employing agency did not provide Groce with any information regarding her resignation. This supports the Board's conclusions that the employing agency did not misinform Groce regarding her need to resign, and consequently, that Groce's resignation was voluntary. The employing agency thus took no adverse action, real or constructive, that would have been subject to the jurisdiction of the Board.

## CONCLUSION

For the reasons set forth above, we *affirm* the Board's dismissal of Groce's appeal for lack of jurisdiction.