**Monte W. DANEY, Petitioner,**

v.

**DEPARTMENT OF THE INTERIOR, Respondent.**

No. 01–3087.

United States Court of Appeals, Federal Circuit.

Dec. 20, 2001.

Before PAULINE NEWMAN, Circuit Judge, ARCHER, Senior Circuit Judge, and LINN, Circuit Judge.

PER CURIAM.

Monte W. Daney ("Daney") seeks review of the decision of the Merit Systems Protection Board affirming his removal from the Department of the Interior based on the revocation of his security clearance. *Daney v. Dep't of Interior*, No. DE0752000045–I–1 (M.S.P.B. Feb.9, 2000). Because we agree that the agency was under no obligation to transfer Daney to another position after revoking his security clearance, and because the issue of whether Daney was provided with appropriate procedural safeguards in the security clearance revocation proceedings is not properly before us, we *affirm*.

## DISCUSSION

The scope of our review in an appeal from a decision of the board is limited. We must affirm the board's decision unless it was: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (1994).

■ We are further constrained in reviewing a decision involving a removal based on the revocation of a security clearance. We only may review (1) whether cause existed for the removal (i.e., whether the appellant's position required a security clearance and whether the removal action was based on the revocation of the security clearance); (2) whether the clearance was revoked; (3) whether the agency has shown that it afforded the appellant the required minimum procedural protections in revoking his security clearance; and (4) whether transfer to a non-sensitive position was feasible. *See Dep't of Navy v. Egan*, 484 U.S. 518, 530–31, 108 S.Ct. 818, 98 L.Ed.2d 918 (1988); *Griffin v. Defense Mapping Agency*, 864 F.2d 1579, 1580 (Fed.Cir.1989). We have held that absent a "substantive right ... available from some other source, such as a statute or regulation ..., the Board has no authority to inquire into the feasibility of transfer to alternative positions." *Griffin*, 864 F.2d at 1580.

■ Daney argues that the Department of Interior Manual on Personnel Suitability and Security Investigation (Department

Manual) provided him with a substantive right to reassignment to a non-sensitive position, and that the board should have considered whether such a transfer was feasible. He cites to Part 441, Chapter 5, Section 5.7 of the Department Manual, which states, in part, that "[u]nder other authorities available to the Department, an employee may be reassigned or detailed temporarily to a Non–Sensitive position, or to a Non–Sensitive position or position with sensitive duties withheld . . . ." 441 DM 5.7 (Nov. 11, 1999).

Daney did not raise the Department Manual before the board, and offers no reason for us to consider it now on appeal. Nonetheless, it is apparent that section 5.7 of the Department Manual does not create any substantive right to continued employment for Daney. First, its language concerning detail and reassignment is permissive rather than mandatory ("an employee *may* be reassigned . . .") (emphasis added). Second, Daney ignores the remainder of the full text of section 5.7. This section is entitled "Agency Authority for Making Security Determinations," and permits the agency to "suspend an employee without pay before employment is terminated" or, in the alternative, to temporarily reassign or detail the employee. *Id.* "In the event of a reassignment or detail, if the bureau/security officer decides to initiate removal proceedings against the employee the security officer may do so . . . ." *Id.* Therefore, detail or reassignment is conditionally permitted prior to a decision on removal, but there is no entitlement to continued employment if a removal decision is made.

■ Second, also for the first time on appeal, Daney argues that the agency did not follow the appropriate procedures under the Department Manual's sub-sections 5.8A(3)-(4) because it did not provide him with a Letter of Decision following a review of any material he submitted to the agency. Daney argues that these failures also violated Executive Order 12986. Because Daney did not raise this procedural issue before the board, leaving us with an incomplete record, we decline to consider it now.

Moreover, Daney has the burden of showing that the agency did not comply with the procedures in the Department Manual and Executive Order 12968, and that any such failure to comply constituted harmful error. *See Handy v. U.S. Postal Service,* 754 F.2d 335, 337 (Fed.Cir.1985); 5 U.S.C. § 7701(c)(2)(A) (1996). A harmful error is one that damaged the employee in the presentation of his defense such that a different result might have been reached. *Id.* In this connection, the Personnel Security Appeals Board Administrative Hearing Examiner issued a detailed 17–page recommended decision on Daney's appeal, stating that "Mr. Daney's presentation and written submissions were organized, well-articulated and analytical, and have been given serious consideration." Despite this praise of Daney's submission, the board upheld the revocation of Daney's security clearance, and made no suggestion that any additional evidence would have been helpful to Daney's claims. It is therefore unlikely that any procedural omission would have constituted harmful error.

No costs.