**Bhaskar CHANDRASEKHAR,**
**Petitioner,**

v.

**DEPARTMENT OF HEALTH AND**
**HUMAN SERVICES,**
**Respondent.**

No. 03–3004.

United States Court of Appeals,
Federal Circuit.

Feb. 10, 2003.

Before SCHALL, BRYSON, and LINN, Circuit Judges.

LINN, Circuit Judge.

Dr. Bhaskar Chandrasekhar seeks review of the final decision of the Merit Systems Protection Board ("Board") dismissing his appeal from his alleged involuntary resignation for lack of jurisdiction. *See Chandrasekhar v. Dep't of Health and Human Servs.*, No. DC–0752–01–0588–I–1 (M.S.P.B. Nov.21, 2001) (*"Chandrasekhar"*). Because substantial evidence supports the Board's finding that Chandrasekhar did not show his resignation to be involuntary, we hold that the Board did not have jurisdiction to consider Chandrasekhar's petition. Thus, we *affirm* the Board's dismissal of his appeal.

## BACKGROUND

Chandrasekhar was employed as a chemist within the Food and Drug Administration; his primary duty was to synthesize peptides. Beginning in 1999, problems developed between Chandrasekhar and his first-line supervisor, Dr. Nga Yen Nguyen. Nguyen began counselling Chandrasekhar in April of 1999 regarding problems with the quality of peptides he synthesized. The problems with Chandrasekhar's performance resulted in a "Notification of Unacceptable Performance and Counseling Referral" in October of 1999, and a letter of reprimand in February of 2000. Nguyen placed Chandrasekhar on a

performance improvement plan ("PIP") in March of 2000. Chandrasekhar submitted a letter of resignation on May 12, 2000, prior to the end of the PIP.

After an initial proceeding before the EEOC, Chandrasekhar filed an appeal with the Board, alleging that his resignation was involuntary and resulted from intolerable working conditions. After a hearing, the administrative judge dismissed Chandrasekhar's appeal for lack of jurisdiction, finding that "the totality of the evidence does not establish that a reasonable person in [Chandrasekhar's] position would have had no choice but to resign." *Chandrasekhar*, slip op. at 14. The full Board denied Chandrasekhar's petition for review.

We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9) (2000).

## DISCUSSION

### A. Standard of Review

 Pursuant to 5 U.S.C. § 7703(c) (2000), this court must affirm the Board's decision unless it is: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule or regulation having been followed; or (3) unsupported by substantial evidence. *Chase–Baker v. Dep't of Justice*, 198 F.3d 843, 845 (Fed.Cir.1999). The petitioner bears the burden of establishing reversible error in reviewing a decision of an administrative agency such as the Board. *Harris v. Dep't of Veterans Affairs*, 142 F.3d 1463, 1467 (Fed.Cir.1998). The scope of the Board's jurisdiction, however, is a question of law that we review de novo. *Starkey v. Dep't of the Navy*, 198 F.3d 851, 853 (Fed.Cir.2000).

### B. Analysis

██ The Board has only that jurisdiction conferred on it by Congress. *Cruz v. Dep't of the Navy*, 934 F.2d 1240, 1243 (Fed.Cir.1991). By statute, the Board has been granted jurisdiction to hear and determine, *inter alia*, challenges to specific adverse actions of agencies including removals. *Id.* (citing 5 U.S.C. § 7512 (2000)). Voluntary employee actions are not within the jurisdiction of the Board because such actions are the result of the exercise of free choice by the employee rather than an adverse action by the employing agency. *Starkey*, 198 F.3d at 853.

██ An agency employee's resignation or retirement is presumed to be voluntary. *Staats v. United States Postal Serv.*, 99 F.3d 1120, 1123 (Fed.Cir.1996). However, if the resignation was the result of coercion by the agency, the resignation is deemed involuntary and is equated to a "constructive removal," allowing the Board to take jurisdiction over the appeal. *See id.* at 1124; *Starkey*, 198 F.3d at 853. The burden of showing that the resignation was involuntary is on the petitioner. *Starkey*, 198 F.3d at 853. In order to establish involuntariness on the basis of coercion, an employee must show that "a reasonable employee confronted with the same circumstance would feel coerced into resigning." *Middleton v. Dep't of Defense*, 185 F.3d 1374, 1379 (Fed.Cir.1999).

██ On appeal, Chandrasekhar describes the situation he faced in his workplace, which he contends left him no alternative but to resign. Among other contentions, Chandrasekhar alleges that he suffered verbal abuse and discrimination on the basis of sex, he was asked to resign, he was prevented from meeting with Nguyen's supervisor, Nguyen harassed him in connection with medical leave which he sought, and peptides which he synthesized were unnecessarily rejected and unnecessary quality control procedures were instituted by Nguyen, whom he characterizes as unqualified to review his work.

There is, however, substantial evidence supporting the Board's conclusion that Chandrasekhar did not establish that a reasonable person in his position would have had no choice but to resign. The record on appeal contains considerable documentary evidence of deficiencies in Chandrasekhar's performance. We agree with the Board that "the descriptions of [Chandrasekhar's] performance lapses are detailed, persistent, and numerous and give no hint that they could be fabricated or false." *Chandrasekhar,* slip op. at 12. Nguyen was Chandrasekhar's first-line supervisor, and the Board found her testimony as to Chandrasekhar's performance to be "calm, composed, and convincing." *Id.* We grant "great deference" to the demeanor-based findings of the administrative judge. *Haebe v. Dep't of Justice,* 288 F.3d 1288, 1299 (Fed.Cir.2002) (quoting *Jackson v. Veterans Admin.,* 768 F.2d 1325, 1331 (Fed.Cir.1985)). In the face of such documentary and testimonial evidence, Chandrasekhar's mere allegations do not suffice to meet his burden of showing that his resignation was involuntary.

The Board determined that "Dr. Nguyen's behavior towards the appellant, specifically, criticizing his performance and placing him on a PIP, was based on the appellant's own poor performance and dissatisfaction with his job." *Chandrasekhar,* slip op. at 14. This determination was supported by substantial evidence, as was the Board's factual conclusion that Chandrasekhar had not shown that a reasonable person in his position would have had no choice but to resign. Because Chandrasekhar did not show that his resignation was involuntary, the Board did not err as a matter of law in concluding that it lacked jurisdiction to consider his petition.