**Krishna P. CHAKRAVORTY,**
Petitioner,

v.

**DEPARTMENT OF THE AIR FORCE, Respondent.**

No. 02–3388.

United States Court of Appeals, Federal Circuit.

March 5, 2003.

Rehearing Denied April 17, 2003.

Before RADER, LINN, and DYK, Circuit Judges.

PER CURIAM.

Dr. Krishna P. Chakravorty ("Chakravorty") seeks review of the final decision of the Merit Systems Protection Board ("Board") dismissing his appeal from his allegedly involuntary resignation for lack of jurisdiction. *See Chakravorty v. Dep't of the Air Force,* No. DA–1221–00–0200–B–1 (M.S.P.B. July 17, 2002) (initial decision) (*"Chakravorty II"*). Because the Board's decision was supported by substantial evidence and was not arbitrary or capricious, an abuse of discretion, proce-

durally deficient, or otherwise not in accordance with law, we *affirm*.

## BACKGROUND

Chakravorty was employed as a chemist by the Air Force Center for Environmental Excellence at Brooks AFB, Texas, from January 22, 1995, until his retirement on December 10, 1999. On May 13, 1999, Chakravorty received an overall rating of "Unacceptable" for his job performance during the rating period of April 1, 1998 through March 31, 1999. He was placed on a 120–day performance improvement plan from June 1 through September 28, 1999. Based on his failure to improve during this period, a Notice of Proposed Removal for Unacceptable Performance was issued on November 10, 1999.

On December 6, 1999, Chakravorty faxed a Standard Form (SF) 52, "Request for Personnel Action" form, to his supervisor, indicating an effective retirement date of December 10, 1999, and alleging that he was being "forced to take early retirement" due to complaints he had filed in the past two years with the Office of Special Counsel, the Equal Employment Opportunity Office, and the Department of Defense's Inspector General's Office. Upon receipt of the SF 52, Robert E. Swaney, Jr., a member of the personnel office at Brooks AFB, contacted Chakravorty and told him that he did not need to retire and that he could withdraw his retirement application. Swaney also told Chakravorty that if he did not withdraw his application, he could appeal his retirement as a constructive discharge. Swaney provided Chakravorty with information and paperwork for pursuing such an appeal. Chakravorty did not withdraw his application, and his retirement became effective December 10, 1999.

Chakravorty appealed to the Board on January 6, 2000, claiming discrimination and constructive discharge, and also alleging that he was discharged for engaging in whistleblowing activities. The Board affirmed an initial decision dismissing Chakravorty's appeal for lack of jurisdiction because Chakravorty had not established that he engaged in protected disclosures under the Whistleblower Protection Act. *See Chakravorty v. Dep't of the Air Force*, No. DA–1221–00–0200–W–1, 2001 WL 158171 (M.S.P.B. Dec.10, 2001) (*"Chakravorty I"*). The Board, however, remanded the issue of Chakravorty's allegedly involuntary retirement. *See id.*

On remand, the administrative judge once again dismissed Chakravorty's appeal for lack of jurisdiction, finding that although Chakravorty "was faced with the unpleasant alternatives of either voluntarily retiring from his position or being removed from his position by the agency ... this circumstance does not render his decision to retire involuntary." *Chakravorty II*, slip op. at 10. The initial decision of the administrative judge became the final decision of the Board on August 21, 2002. Chakravorty appeals to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

We must affirm the decision of the Board unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2000). The scope of the Board's jurisdiction, however, is a question of law that we review de novo. *Starkey v. Dep't of the Navy*, 198 F.3d 851, 853 (Fed. Cir.2000).

■ An employee who voluntarily resigns has no right of appeal to the Board.

*Mueller v. United States Postal Serv.*, 76 F.3d 1198, 1201 (Fed.Cir.1996). However, the Board does have jurisdiction over an appeal from an involuntary resignation, which is deemed to be a forced removal. *Braun v. Dep't of Veterans Affairs*, 50 F.3d 1005, 1007 (Fed.Cir.1995). An otherwise voluntary resignation is rendered involuntary if it is submitted under duress or coercion, or if it results from deception or misrepresentation on the part of agency officials. *See Covington v. Dep't of Health & Human Servs.*, 750 F.2d 937, 942 (Fed. Cir.1984); *see also Tippett v. United States*, 185 F.3d 1250, 1255 (Fed.Cir.1999). It is Chakravorty's burden to establish that his resignation, presumed to be voluntary, was in fact involuntary. *Cruz v. Dep't of the Navy*, 934 F.2d 1240, 1244 (Fed.Cir.1991).

In his appeal to this Court, Chakravorty argues that he was coerced into retiring when the agency wrongfully placed him on administrative leave and then proposed his removal. Moreover, he revives his argument that his proposed removal was due to his whistleblowing activities, rather than his inadequate work performance. He also argues that he was subject to humiliating and intolerable working conditions.

■ Although involuntary retirement based on coercion can be found if an agency wrongfully threatens disciplinary action, the mere fact that an employee is faced with the unpleasant alternatives of resigning or being subject to removal for cause does not make the resulting resignation an involuntary act. *Schultz v. United States Navy*, 810 F.2d 1133, 1136 (Fed.Cir.1987); *see also Staats v. United States Postal Serv.*, 99 F.3d 1120, 1124 (Fed.Cir.1996). The Board made findings of fact based on testimony of agency witnesses that "[Chakravorty's] work was unsatisfactory, and, if he was treated any differently, it was because they avoided giving him work

because he either did not complete his assignments, or he produced markedly inferior work." *Chakravorty II*, slip op. at 7. The Board's determination that Chakravorty's disclosures were not subject to whistleblower protection because they did not reveal any violation of law, rule, or regulation is also supported by substantial evidence. *See Chakravorty I*, slip op. at 6–7.

The Board's determination that Chakravorty was not subject to working conditions that would compel a reasonable person in his position to retire is similarly supported by substantial evidence. *See Chakravorty II*, slip op. at 8.

Finally, to the extent, if any, that Chakravorty is alleging that his retirement was involuntary based on misinformation from the agency, this claim is not persuasive. The Board found that personnel staff from the agency discussed Chakravorty's retirement with him and assured him that he did not need to retire. Moreover, the Board found that Chakravorty was provided with adequate information about his retirement option. *See Chakravorty II*, slip op. at 9–10.

We have carefully considered the arguments asserted by Chakravorty and conclude that he has not demonstrated that the Board's decision was unsupported by substantial evidence. We do not find that the Board's decision was arbitrary or capricious, an abuse of discretion, procedurally deficient, or otherwise not in accordance with law. Therefore, the Board did not err in concluding that Chakravorty's resignation was voluntary and in dismissing his appeal for lack of jurisdiction. The decision of the Board is *affirmed.*