**Michael R. WARD, Petitioner,**

v.

**FEDERAL COMMUNICATIONS COMMISSION, Respondent.**

No. 02–3402.

United States Court of Appeals, Federal Circuit.

March 6, 2003.

Before MICHEL, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and LINN, Circuit Judge.

PER CURIAM.

Michael R. Ward seeks review of final decisions of the Merit Systems Protection Board ("Board") dismissing for lack of jurisdiction his appeals of his nonselection for the position of Writer/Editor. *See Ward v. Fed. Communications Comm'n*, No. DC–1221–01–0729–W–1 (M.S.P.B. Oct.1, 2001) (*"Ward I"*) (dismissing individual right of action appeal pursuant to the Whistleblower Protection Act ("Whistleblower Act")); *Ward v. Fed. Communications Comm'n*, No. DC–3443–01–0603–I–1 (M.S.P.B. Nov.1, 2001) (*"Ward II"*) (dismissing appeal under the Uniformed Services Employment and Reemployment Rights Act of 1994 ("Uniformed Services Act")). Because the Board's decisions were not arbitrary, capricious, an abuse of discretion, otherwise not in accordance with law, obtained without procedures required by law, rule or regulation having been followed, or unsupported by substantial evidence, we *affirm* the Board's dismissals.

## BACKGROUND

In 1994, Ward submitted an application for a GS–12 Writer/Editor position with the Federal Communications Commission ("FCC") in response to a vacancy announcement; Ward claimed a 10–point preference as a veteran. The announcement stated that applications would be considered from "all sources," but the FCC subsequently chose to fill the position through competitive merit promotion procedures pursuant to 5 C.F.R. § 335.103(b)(4). Ward was not eligible for consideration in the merit promotion pool because his last grade as a government

employee was GS–12, and thus his appointment to the position would not be a promotion. *Ward v. Office of Personnel Mgmt.*, 79 M.S.P.R. 530, 535 (1998), *aff'd*, 194 F.3d 1333 (Fed.Cir.1999) (unpublished decision). Accordingly, Ward's name did not appear on the competitive merit promotion list, and he was not selected for the position.

Ward challenged his nonselection for the GS–12 position in a series of complaints filed in various fora. In February of 2000, he submitted a complaint to the Office of Special Counsel; Ward alleged that the agency committed numerous violations of statute and regulation, and stated that "complainant believes disclosure of information herein evidences violations of laws, rules, regulations, and an abuse of authority." The sole protected disclosure that Ward alleged he made was the filing of this complaint. The Office failed to reach a final decision in the matter, and Ward appealed to the Board after the passage of 120 days from the filing of his complaint, as was his right. *See* 5 U.S.C. § 1214(a)(3)(B) (2000).

In his two appeals, Ward alleged that the FCC's actions constituted a violation of the Whistleblower Act, as well as discrimination against him on account of his prior military service in violation of the Uniformed Services Act. The Board held that Ward had not established jurisdiction over his Whistleblower Act appeal because Ward's alleged protected disclosures in his Office of Special Counsel complaint in February of 2000 could not have been contributing factors in the FCC's failure to select him for a position in 1994. *Ward I*, slip op. at 5–6. The Board also held that it lacked jurisdiction over Ward's appeal under the Uniformed Services Act based on its finding that he had proffered "no evidence to support his conclusory allegations that his military service was a motivating factor in the agency's actions." *Ward II*, slip op. at 9. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

### A. Standard of Review

■ Pursuant to 5 U.S.C. § 7703(c), this court must affirm the Board's decision unless it is: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule or regulation having been followed; or (3) unsupported by substantial evidence. *Chase–Baker v. Dep't of Justice*, 198 F.3d 843, 845 (Fed.Cir.1999). The petitioner bears the burden of establishing reversible error in reviewing a decision of an administrative agency such as the Board. *Harris v. Dep't of Veterans Affairs*, 142 F.3d 1463, 1467 (Fed.Cir.1998). The scope of the Board's jurisdiction, however, is a question of law that we review de novo. *Starkey v. Dep't of the Navy*, 198 F.3d 851, 853 (Fed.Cir. 2000).

### B. Analysis

■ The Board has only that jurisdiction conferred on it by Congress. *Cruz v. Dep't of the Navy*, 934 F.2d 1240, 1243 (Fed.Cir.1991). An agency's failure to select an applicant for a vacant position is generally not appealable to the Board. *See, e.g., Ellison v. Merit Sys. Prot. Bd.*, 7 F.3d 1031, 1034 (Fed.Cir.1993). Claims of unlawful conduct in the selection process ordinarily must be brought in other fora. *See, e.g.*, 5 C.F.R. § 300.104(b) (2002) (authorizing candidate to appeal to the Office of Personnel Management or the employing agency from rejection of employment application). Congress has, however, granted the Board jurisdiction to consider such appeals under the Whistleblower Act where the nonselected applicant "makes 'non-frivolous allegations' that (1) he en-

**520**

gaged in whistleblowing activity by making a protected disclosure under 5 U.S.C. § 2302(b)(8), and (2) the disclosure was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a)." *Yunus v. Dep't of Veterans Affairs,* 242 F.3d 1367, 1371 (Fed.Cir.2001) (quoting *Schmittling v. Dep't of Army,* 219 F.3d 1332, 1336 (Fed.Cir.2000)).

**1**

The Board quite reasonably concluded that Ward's disclosures could not have been a "contributing factor" in an employment decision taken over five years before those disclosures were made, and held that Ward had not established Board jurisdiction. On appeal, Ward argues that "the content of [his] disclosure is the reason the agency refuses, to this day, to appoint or reinstate" him. We do not agree. The agency refused to hire Ward in 1994. As a matter of law and as the indisputable conclusion dictated by the chronology of events, any disclosure Ward may have made in 2000 cannot have been a "contributing factor" in the agency's refusal to hire him in 1994.

**2**

Under the Uniformed Services Act, "[a] person who is a member of ... a uniformed service shall not be denied initial employment ... on the basis of that membership." 38 U.S.C. § 4311(a) (2000). A prospective employer engages in a prohibited nonselection "if the person's membership ... in the uniformed services is a motivating factor in the employer's action." *Id.* § 4311(c). Thus, to establish Board jurisdiction, Ward had the burden to make nonfrivolous allegations that "military status was at least a motivating or substantial factor" in the FCC's actions. *Sheehan v. Dep't of the Navy,* 240 F.3d 1009, 1014 (Fed.Cir.2001). The Board found that he failed to meet that burden.

On appeal, Ward argues that the Board may "infer discrimination" from "the failure of the agency to examine, rate, rank, and certify his application as it did for the candidate selected." He also argues that the agency was required to fill the position in an open competitive manner rather than employing merit promotion. Ward's argument is misplaced. The FCC had discretion to select a method to fill the position Ward sought. "An appointing officer may fill a position in the competitive service by any of the methods authorized in this chapter." 5 C.F.R. § 330.101 (2002). The chapter in which section 330.101 appears includes merit promotion as a permissible method of hiring. 5 C.F.R. § 335.103 (2002). The FCC's actions on Ward's application flowed as a natural consequence of adopting a hiring method for which he was not eligible. Although it is true that "the Board has adopted a liberal approach in determining whether jurisdiction exists under [the Uniformed Services Act]," *Yates v. Merit Sys. Prot. Bd.,* 145 F.3d 1480, 1484 (Fed.Cir.1998), here Ward asks us to accept as nonfrivolous his conclusory allegation that his status as a veteran was "at least a motivating or substantial factor" in the FCC's discretionary selection of the merit promotion method in filling the position Ward sought. He identifies no basis that would allow us to so rule. We decline to do so.

**CONCLUSION**

Because Ward did not make nonfrivolous allegations sufficient to confer jurisdiction over Ward's Whistleblower Act and Uniformed Services Act claims, the Board did not err as a matter of law in concluding that it lacked jurisdiction to consider his petitions.