NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**FRANK E. PISTILLI,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

**DEPARTMENT OF THE TREASURY,**
*Intervenor*

---

2016-1660

---

Petition for review of the Merit Systems Protection Board in No. NY-0752-13-0032-I-2.

---

Decided: October 11, 2016

---

FRANK E. PISTILLI, Melville, NY, pro se.

CALVIN M. MORROW, Office of the General Counsel, Merits Systems Protection Board, Washington, DC, for respondent. Also represented by BRYAN G. POLISUK.

ROBERT NORWAY, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washing-

ton, DC, for intervenor. Also represented by BENJAMIN C.
MIZER, ROBERT E. KIRSCHMAN, JR., CLAUDIA BURKE.

———————————

Before PROST, *Chief Judge,* REYNA, and CHEN, *Circuit Judges.*

PER CURIAM.

Frank E. Pistilli seeks review of the Merit Systems
Protection Board's ("Board") dismissal of his appeal for
lack of jurisdiction.  The Board found that Mr. Pistilli had
not shown his retirement was involuntary.  For the rea-
sons explained below, we affirm the Board's decision.

## BACKGROUND

Mr. Pistilli began working as an investigative analyst
for the Internal Revenue Service ("the agency") in 2004.
He retired from the agency in October 2012.  He alleges
that his retirement was involuntary, and that a series of
events leading up to and following his retirement demon-
strate that the agency used coercion to force him to retire.

In 2004, Mr. Pistilli was appointed to a position at the
agency's Lead Development Center ("LDC") in a unit
involved in terrorism investigations.  In 2005, the agency
determined that analysts in Mr. Pistilli's unit needed Top
Secret security clearances.  The agency issued a separate
position description requiring a Top Secret clearance for
these analysts, and intended to reassign each of them to
that separate position as they received their Top Secret
clearance.

Mr. Pistilli applied for a Top Secret clearance, but his
application was denied in 2008.  While he appealed the
denial, he was detailed to a field office where he initially
performed administrative duties and then had no formal
duties.  In 2009, after Mr. Pistilli's clearance appeal was
denied, Mr. Pistilli was removed: the agency removed him
for failure to meet a requirement of his position as he

lacked a Top Secret clearance. Mr. Pistilli appealed his removal.

In March 2011, an administrative judge affirmed the agency's removal of Mr. Pistilli. *Pistilli v. Dep't of Treasury*, NY-0752-11-0001-I-2, 2011 WL 4604301 (Mar. 10, 2011). In December 2011, the Board found that the agency failed to prove that Mr. Pistilli's position required a security clearance. *Pistilli v. Dep't of Treasury*, No. NY-0752-11-0001-I-2, 2011 WL 12516583, at *3–4 (M.S.P.B. Dec. 14, 2011). The Board explained that, while the agency had the authority to require all analysts in Mr. Pistilli's unit at the LDC to obtain a security clearance, the agency had never actually assigned Mr. Pistilli to the new position description that required the clearance. *Id.* at *2–3. The Board ordered the agency to reinstate Mr. Pistilli. *Id.* at *4.

The agency reinstated Mr. Pistilli to active duty in January 2012, and again assigned him to the field office. The agency maintained that all analysts working at the LDC needed Top Secret clearances.

Mr. Pistilli filed a petition for enforcement of the Board's reinstatement order, arguing that Board's order meant that the agency needed to reinstate him to his former position at the LDC that did not require a security clearance. In August 2012, an administrative judge found that the agency had complied with the Board's order by reinstating Mr. Pistilli to his position at the field office, a position he had occupied for more than a year prior to his removal. *Pistilli v. Dep't of Treasury*, NY-0752-11-0001-C-1, 2012 WL 4052725 (Aug. 15, 2012). The Board affirmed the administrative judge's determination in November 2013. *Pistilli v. Dep't of Treasury*, No. NY-0752-11-0001-C-1, 2013 WL 9658963, at *3 (M.S.P.B. Nov. 20, 2013).

In June 2012, the agency sent Mr. Pistilli an email stating that it did not have enough work to keep him at the position in the field office. The agency explained that

if Mr. Pistilli wanted to work at the LDC, he would have to apply for and obtain a Top Secret clearance. The agency stated that Mr. Pistilli also could transfer to another field office position that had more work available. The record indicates that Mr. Pistilli wanted to return to work at the LDC, but that he did not want to apply for a Top Secret clearance again.

The agency stopped giving Mr. Pistilli work assignments around September 5, 2012. In September 2012, the agency decided to assign Mr. Pistilli to the position at the LDC that required the Top Secret security clearance. Mr. Pistilli attempted to decline this assignment, but he was reassigned on September 27, 2012. Mr. Pistilli was instructed to complete an application for Top Secret clearance, and told that he would remain detailed to the field office until he received a clearance.

On October 9, 2012, Mr. Pistilli informed the agency he wanted to retire. He turned in his badge and computer on October 11, 2012. On October 18, the agency informed Mr. Pistilli that his retirement had not taken effect, because his retirement paperwork had not been received. Mr. Pistilli then submitted a retirement application, and he retired effective October 15, 2012. The director of Mr. Pistilli's program at the agency sent an email to other managers stating "Houston, we have lift off!!" after receiving confirmation that Mr. Pistilli's retirement had been processed. S.A. 123.

In November 2012, Mr. Pistilli filed an appeal alleging that he was forced to retire, discriminated against on the basis of his age, and retaliated against for having successfully challenged his earlier removal.[1]   In March

---

[1]   This appeal was dismissed without prejudice while Mr. Pistilli's petition for enforcement was pending before the Board. *Pistilli v. Dep't of Treasury*, NY-0752-

2015, the administrative judge issued an order advising Mr. Pistilli that the Board might not have jurisdiction over his appeal because retirement is presumed to be voluntary. In July 2015, the administrative judge found that the evidence did not support a conclusion that Mr. Pistilli's retirement was involuntary. *Pistilli v. Dep't of Treasury*, NY-0752-13-0032-I-2, 2015 WL 4250199 (July 6, 2015). Therefore, Mr. Pistilli's appeal was dismissed for lack of jurisdiction. *Id.*

In her decision, the administrative judge found that Mr. Pistilli did not retire due to his working conditions, because, although he had not been provided work for a period of time, the agency had recently promised to provide him with work. She found that Mr. Pistilli decided to retire "to avoid the background investigation."[2] S.A. 24. She found that Mr. Pistilli's supervisor's remark celebrating Mr. Pistilli's retirement was inappropriate, but that it did not impact his decision to retire because it was made

---

13-0032-I-1, 2013 WL 3224238 (Jan. 29, 2013). After the Board denied Mr. Pistilli's petition for enforcement in November 2013, Mr. Pistilli then refiled his appeal.

[2] The administrative judge's finding about "the background investigation" is ambiguous in the context of the record, which reflects that at the time Mr. Pistilli retired, he had been instructed to complete two different background checks. In addition to being instructed to complete the Top Secret clearance application, Mr. Pistilli had received an email on October 4 and again on October 9 instructing him to complete forms for a routine background check. The administrative judge cites the October 9 email in her decision, suggesting that the routine background check was what she found inspired Mr. Pistilli to retire. This email does include a section asking recipients "Are you retiring soon?" and instructing recipients what to do if that is the case. S.A. 66.

after he retired. The administrative judge found the Board's decision in *Putnam v. Department of Homeland Security*, 121 M.S.P.R. 532 (2014) persuasive. She found that, "[l]ike the appellant in *Putnam*, [Mr. Pistilli] could have awaited the outcome of the clearance process." S.A. 24. She found that Mr. Pistilli's "belief that it was only a matter of time before the agency would remove him from his position was speculative." *Id.*

On appeal, the Board affirmed the administrative judge's decision. *Pistilli v. Dep't of Treasury*, No. NY-0752-13-0032-I-2, 2016 WL 81515 (M.S.P.B. Jan. 5, 2016). The Board cited *Conforto v. Merit Systems Protection Board*, 713 F.3d 1111, 1122 (Fed. Cir. 2013) for the principle that, to find that the agency coerced Mr. Pistilli into retiring, "the coercion must be the result of improper acts by the agency." *Id.* at ¶ 10. The Board found that the agency's decision to reassign Mr. Pistilli was not improper. The Board rejected Mr. Pistilli's argument that it was improper to reassign him because the agency knew he could not obtain the required Top Secret clearance. The Board provided two reasons in support of this conclusion: it stated that Mr. Pistilli provided "no support for this assertion" and that Mr. Pistilli had "contradict[ed] himself by stating that he had no interest in avoiding the background check, intimating that he would be able to pass such a review." *Id.* at ¶ 12. The Board noted that Mr. Pistilli argued that the agency "reneged on its offer" of a position that did not require a Top Secret clearance, but found that Mr. Pistilli had not shown that the agency was obligated to provide him such a position. *Id.* The Board agreed with the administrative judge that Mr. Pistilli chose to retire rather than "begin the security clearance process," and that he freely chose to retire. *Id.* at ¶ 13.

Mr. Pistilli appeals this decision. He argues that the Board made a number of incorrect statements about the facts in its analysis. For example, he objects to the Board's statement that he contradicted himself. He

explains that what the Board saw as a contradiction was merely Mr. Pistilli's attempt to clarify that—contrary to the administrative judge's findings—he did not retire to avoid the routine background check, "a level of clearance I had passed before and could again." Pet'r Br. 2. Mr. Pistilli argues that the Board incorrectly dismissed the statement made by his supervisor after he retired, and incorrectly described his beliefs and desires about what the agency's obligations to him were and what position he wanted.

Mr. Pistilli argues that the Board erred in finding that Mr. Pistilli provided no proof that the agency knew he could not obtain a Top Secret clearance, since the agency had previously denied his Top Secret clearance application. He also argues that the Board applied an incorrect standard in determining whether his retirement was voluntary. He argues that his transfer to a position that he believed he was not qualified for and that would necessarily result in his termination was coercive and a constructive termination. He argues that it usurps merit-based civil service laws to permit an agency to transfer an employee to a position he is not qualified for.

Mr. Pistilli argues that the fact that the agency chose to reassign him to the position requiring Top Secret clearance before he received such a clearance—contrary to the agency's prior practice of waiting until an analyst received Top Secret clearance before transferring the analyst—indicated that the agency was setting him up for termination if he again failed to receive such a clearance. He argues that transferring him to the position requiring Top Secret clearance prior to his obtaining such a clearance violated agency policy. Mr. Pistilli argues that he had no reasonable alternative to retiring once he was reassigned to the position requiring a Top Secret clearance: he was convinced he would not be able to obtain such a clearance and that he would be facing certain termination if he did not retire. Mr. Pistilli argues that

being terminated would have resulted in him being unable to gain other employment and would have permanently destroyed his reputation.

The Board has responded, and the Department of the Treasury has intervened. We have jurisdiction under 28 U.S.C. § 1295(a)(9) and 5 U.S.C. § 7703(b)(1). *See Conforto*, 713 F.3d at 1115–21 (finding that this court has jurisdiction to review the Board's finding that it lacks jurisdiction even in cases alleging discrimination).

DISCUSSION

A. Standard of Review

We must affirm the Board's decision unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed, or unsupported by substantial evidence. 5 U.S.C. § 7703(c); *Monasteri v. Merit Sys. Prot. Bd.*, 232 F.3d 1376, 1378 (Fed. Cir. 2000). The scope of the Board's jurisdiction is a legal question that we review de novo. *Id.*

B. Involuntary Retirement

The Board has jurisdiction based on an employee's retirement only if the retirement is involuntary. *Conforto*, 713 F.3d at 1114. An employee's retirement or resignation is presumed to be voluntary unless the employee proves by a preponderance of the evidence that it was involuntary. *Garcia v. Dep't of Homeland Sec.*, 437 F.3d 1322, 1329 (Fed. Cir. 2006).

An employee's retirement may be found involuntary if it occurs as a result of coercion, deception, or misinformation on the part of the employing agency. *Starkey v. Dep't of Navy*, 198 F.3d 851, 853 (Fed. Cir. 2000). To show coercion, the employee must establish that a reasonable employee in the same circumstances would feel coerced into resigning or retiring. *Conforto*, 713 F.3d at

1121 (Fed. Cir. 2013). For example, an employee may be coerced to retire based on intolerable working conditions. *Garcia*, 437 F.3d at 1328. "In order to establish involuntariness on the basis of coercion, an employee must show that the agency effectively imposed the terms of the employee's resignation or retirement, that the employee had no realistic alternative but to resign or retire, and that the employee's resignation or retirement was the result of improper acts by the agency." *Staats v. U.S. Postal Serv.*, 99 F.3d 1120, 1124 (Fed. Cir. 1996). When an employee chooses to retire merely because "because he does not want to accept a new assignment, a transfer, or other measures that the agency is authorized to adopt," the employee is not coerced into retiring, even if the reassignment makes "the job so unpleasant for the employee that he feels that he has no realistic option but to leave." *Id.*

Mr. Pistilli argues that the agency's improper acts that coerced him into retiring were (a) reassigning him to the position at the LDC that required the Top Secret clearance and (b) providing him with intolerable working conditions.

First, we affirm the Board's finding that the agency's choice to reassign Mr. Pistilli was not an improper act. When the agency decided to begin requiring all of the analysts in Mr. Pistilli's unit at the LDC to have Top Secret security clearances, Mr. Pistilli's position at the LDC became a position which required a Top Secret clearance. As a result, Mr. Pistilli was no longer qualified for the position at the LDC.

Mr. Pistilli's situation is analogous to when an employee hired for a position requiring a security clearance fails to obtain such a clearance, or he obtains one and it is later revoked. In these circumstances, the agency may terminate the employee for failing to meet an essential requirement of his position and has no obligation to

transfer the employee to a non-sensitive position. *Griffin v. Def. Mapping Agency*, 864 F.2d 1579, 1581 (Fed. Cir. 1989); *Daney v. Dep't of Interior*, 25 F. App'x 994, 995 (Fed. Cir. 2001).

The Board did not err in finding that the agency properly chose to reassign Mr. Pistilli from the position at the field office where it had limited work for Mr. Pistilli to his former position at the LDC which now required a Top Secret clearance. When Mr. Pistilli failed to obtain a Top Secret clearance, the agency was entitled to terminate Mr. Pistilli. While the Board in 2011 ordered Mr. Pistilli reinstated because the agency had not yet transferred Mr. Pistilli to the new position description for his job that required a Top Secret clearance when it terminated him, this order did not mean that the agency was not permitted to transfer Mr. Pistilli to the Top Secret position in the future.

Mr. Pistilli argues that it violated agency policy to reassign an employee to a position requiring a clearance before the security clearance was obtained. But Mr. Pistilli identifies no source for this alleged policy. While previously Mr. Pistilli and his colleagues were instructed to apply for Top Secret clearances before being assigned to a position requiring the clearance, this one example of the agency's practice does not indicate that there was a policy requiring this.

Given the circumstances of this case, we do not think that the agency's reassignment of Mr. Pistilli would have been improper even if the agency knew—or believed it was extremely likely—that Mr. Pistilli would again fail to obtain a Top Secret clearance, or even if the agency intended to terminate Mr. Pistilli as soon as his clearance application was denied. *Cf. Frey v. Dep't of Labor*, 359 F.3d 1355, 1357, 1360 (Fed. Cir. 2004) (Agencies have wide discretion in reassigning employees and may remove employees who refuse reassignment, if the reassignment

was in good faith and based upon legitimate management considerations.). Similarly, we do not think that the agency's reassignment of Mr. Pistilli would have been improper even if it was against Mr. Pistilli's desires and even if the agency did not provide Mr. Pistilli with a meaningful opportunity to accept an alternative non-sensitive position. *See Griffin*, 864 F.2d at 1581. As a result, the arguments on appeal about Mr. Pistilli's likelihood of obtaining a Top Secret clearance on his second attempt, Mr. Pistilli's opportunity to accept an alternative position, and whether the agency would have terminated Mr. Pistilli had his application been denied are all irrelevant.

Because the agency's choice to reassign Mr. Pistilli to the position description for his former position that required a Top Secret security clearance was not improper, the Board did not err in finding that the agency's decision to do so did not coerce Mr. Pistilli into retiring.

Second, Mr. Pistilli argued that he suffered intolerable working conditions based on his not being provided work to do. As the agency had explained to Mr. Pistilli that it had limited work available for him while he lacked a security clearance, the Board did not err in finding that this working condition was not an improper act by the agency to coerce Mr. Pistilli to retire.

We have carefully considered Mr. Pistilli's additional arguments. None of them affect our affirmance of the Board's determination regarding the voluntariness of Mr. Pistilli's retirement.

## CONCLUSION

We affirm the Board's determination that Mr. Pistilli had not shown by a preponderance of the evidence that his retirement was involuntary. Therefore, we affirm the Board's dismissal of Mr. Pistilli's appeal for lack of jurisdiction.

## AFFIRMED

### Costs

No costs.