**Jodi L. CHASE–BAKER, Petitioner,**

v.

**DEPARTMENT OF JUSTICE,
Respondent.**

No. 99–3260.

United States Court of Appeals,
Federal Circuit.

Dec. 17, 1999.

Jodi L. Chase-Baker, pro se, of Norfolk, Nebraska.

James W. Poirier, Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, of Washington, DC, for respondent. With him on the brief were David W. Ogden, Acting Assistant Attorney General; David M. Cohen, Director; and Mark A. Melnick, Assistant Director.

Before NEWMAN, Circuit Judge, ARCHER, Senior Circuit Judge, and RADER, Circuit Judge.

PAULINE NEWMAN, Circuit Judge.

Jodi L. Chase–Baker petitions for review of a final decision of the Merit Systems Protection Board, Docket No. DE315H980337–I–1, dismissing Ms. Chase–Baker's appeal for lack of jurisdiction. The Board held that Ms. Chase–Baker had no right to appeal her dismissal because she was a probationary employee at the time of her termination and her claims of marital status discrimination were not well founded and thus did not vest the Board with jurisdiction to hear an appeal. Because the Board's decision was in accordance with the law, based on findings supported by substantial evidence, the dismissal is affirmed.

## BACKGROUND

Ms. Chase–Baker received a career conditional appointment to the position of Office Automation Clerk with the Department of Justice effective March 29, 1998. She was terminated from the position on June 8, 1998 based upon charges of excessive absence without leave. There were two periods of absence without leave leading to the termination: 1) an absence of 32 hours from April 7, 1998 to April 10, 1998 relating to a dental problem; and 2) an absence from May 4, 1998 to June 8, 1998 stemming from substance abuse and mental health problems, during which period Ms. Chase–Baker was a patient in at least two different detoxification and crisis centers.

On June 10, 1998, Ms. Chase–Baker filed an appeal to the Board. She argued that her termination was improper for a variety of reasons, including her efforts to contact her supervisor regarding her absence by letter, a mental health disability, and a past head injury. The administrative judge assigned to the case advised Ms. Chase–Baker that the Board appeared to lack jurisdiction of the appeal because Ms. Chase–Baker was a probationary employee at the time of her termination, and thus had limited rights of appeal. The administrative judge explained that a probationary employee may appeal a termination only on the grounds that the termination was based on partisan political reasons or marital status, or on conditions arising before appointment. See 5 C.F.R. § 315.806(a)-(c). Ms. Chase–Baker was ordered to show that her appeal was within the Board's jurisdiction. By letter replying to

the order Ms. Chase–Baker asserted, in relevant part:

My condition is marital and pre-employment conditional. They knew I was abused by both my spouse and my last boyfriend. They also knew that I was hit by a car because I have to wear a leg brace.

Ms. Chase–Baker did not dispute that she was a probationary employee. After the receipt of this letter the record closed, and the administrative judge issued an initial decision on the appeal.

As a threshold matter, the administrative judge found that the agency's action was based on post-appointment reasons, citing the agency's termination letter stating that Ms. Chase–Baker's absence without leave was the sole reason for the termination. The administrative judge noted that the only issue which might vest the Board with jurisdiction under § 315.806 was Ms. Chase–Baker's statement that "[the department] knew I was abused by both my spouse and my last boyfriend." However, the administrative judge found that Ms. Chase–Baker's allegation was not supported by any factual assertions which would be relevant to the issue of marital status discrimination. The administrative judge dismissed the appeal for lack of jurisdiction and the Board denied review.

## DISCUSSION

The Board's decision must be affirmed unless it is:

(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

(2) obtained without procedures required by law, rule, or regulation having been followed; or

(3) unsupported by substantial evidence. . . .

5 U.S.C. § 7703(c).

The Board's jurisdiction to hear appeals from probationary employees terminated for post-appointment reasons is defined in 5 C.F.R. § 315.806.[1] *See Stokes v. Federal Aviation Admin.,* 761 F.2d 682, 684–685 (Fed.Cir.1985). It was Ms. Chase–Baker's burden to establish that the Board had jurisdiction of her appeal. *See* 5 C.F.R. § 1201.56(a)(2)(i) ("The appellant has the burden of proof, by a preponderance of the evidence, with respect to . . . [i]ssues of jurisdiction. . . ."). Ms. Chase–Baker's allegations that she was dismissed because of her marital status and because of existing pre-appointment conditions do not meet this burden.

 Ms. Chase–Baker's assertion of abuse by both her husband and last boyfriend does not vest the Board with jurisdiction. The statute is not concerned with the abusiveness of the appellant's relationships, but only with any difference in treatment of married and unmarried employees. *See McClain v. Office of Personnel Management,* 76 M.S.P.R. 230, 242 (1997); *Miller v. Department of Justice,* 41 M.S.P.R. 353, 356 (1989). Whether or not Ms. Chase–Baker was divorced at the time of her termination by the agency—her statement is not clear—she has presented no evidence or suggestion of disparate treatment based on that status. A conclusory pleading, totally devoid of substantive support, is insufficient to establish jurisdiction. *See Stokes v. Federal Aviation Admin.,* 761 F.2d at 685–86.

 The Board's decision that Ms. Chase–Baker's termination was based on post-appointment reasons is supported by substantial evidence. The termination letter stated Ms. Chase–Baker's "excessive Absent Without Leave (AWOL) and failure to properly request leave for the absences" as the basis of her dismissal. She does not dispute either her absences or her failure to request permission for the absences. No mention was made of an automobile

---

1. In accordance with *Kewley v. Department of Health & Human Services,* 153 F.3d 1357, 1366 (Fed.Cir.1998), a probationary employee may also have a right of action under 5 U.S.C. § 2302(b)(8) (the Whistleblower Protection Act); this remedy is not relevant to this case.

846

injury until Ms. Chase–Baker's response to the administrative judge's order, and no evidence was offered that the injury contributed to her termination or that the procedures required by § 315.805 for termination of probationers for conditions arising before appointment were not followed.

Accordingly, Ms. Chase–Baker has not established that the Board had jurisdiction over her appeal. The dismissal is

*AFFIRMED.*