**Kevin G. BARZEY, Petitioner,**

v.

**DEPARTMENT OF COMMERCE,**
**Respondent.**

No. 00–3372.

United States Court of Appeals,
Federal Circuit.

Jan. 10, 2001.

Before MICHEL, LINN, and DYK, Circuit Judges.

## PER CURIAM.

Kevin G. Barzey petitions for review of the final decision of the Merit Systems Protection Board ("Board") denying his request for corrective action under the Whistleblower Protection Act of 1989. *Barzey v. Dep't of Commerce*, 86 M.S.P.R. 333 (2000). We *affirm*.

## BACKGROUND

On January 5, 1999, the United States Bureau of the Census ("agency") appointed Mr. Barzey to a temporary position as a Regional Technician at the agency's Regional Census Center ("Center") in New York City.

Beginning in late January of 1999, Mr. Wilfredo Sauri–Garcia, the agency's Assistant Regional Census Manager, began to repeatedly counsel Mr. Barzey regarding his work attendance. In early February of 1999, Mr. Sauri–Garcia discussed with a personnel management specialist in the agency's Maryland headquarters the possible termination of Mr. Barzey, and prepared a draft termination letter for the specialist's review.

On March 3, 1999, the specialist advised Mr. Sauri–Garcia that the Center could terminate Mr. Barzey. Two days later, on March 5, 1999, petitioner informed Mr. Sauri–Garcia that the agency's Area Manager and another Regional Technician had directed petitioner to hire two individuals whom he believed were not legally eligible for employment. It is this disclosure that forms the basis for this appeal.

On March 16, 1999, the agency terminated Mr. Barzey, stating that the reason for his termination was his unscheduled absences from work on three days in late February and early March of 1999.

Following his termination, Mr. Barzey sought corrective action from the Office of Special Counsel ("OSC"), contending that his discharge was in retaliation for his disclosure to Mr. Sauri–Garcia on March 5, 1999. On August 18, 1999, the OSC denied Mr. Barzey's claim, thereby clearing the way for him to file an individual right of action ("IRA") appeal with the Board. *See* 5 U.S.C. § 1214(a)(3).

In an Initial Decision, the administrative judge denied Mr. Barzey's request for corrective action. The administrative judge found, and the agency does not dispute, that Mr. Barzey's disclosure on March 5, 1999, qualified as a protected whistleblowing disclosure under 5 U.S.C. § 2302(b)(8), and that Mr. Barzey had shown by a preponderance of the evidence that his disclosure was a contributing factor in his termination.

However, the administrative judge concluded that the agency had proved by clear and convincing evidence that it would have terminated Mr. Barzey even if he had not made the protected disclosure. As noted above, the administrative judge found that the agency's personnel management specialist had authorized Mr. Barzey's termination for poor attendance on March 3, 1999, two days before the protected disclosure. The administrative judge further concluded that "[t]he agency's claim about the appellant's poor attendance is a meritorious one." The administrative judge also noted, but did not find dispositive, the lack of evidence in the record regarding

any terminations by the agency of temporary employees with poor attendance records who were not whistleblowers.

Mr. Barzey filed a petition with the Board seeking reconsideration of the administrative judge's Initial Decision. Mr. Barzey attached to the petition for review an excerpt from a report prepared by the Department of Commerce ("Commerce") [1] which recounted certain statements made by the agency's Area Director regarding the agency's decision to terminate him. Before the Board, Mr. Barzey apparently characterized these statements as newly discovered evidence.

On May 9, 2000, the Board denied the petition for review, concluding that "there is no new, previously unavailable, evidence and that the administrative judge made no error in law or regulation that affects the outcome" of Mr. Barzey's IRA appeal. This timely appeal followed.[2]

## DISCUSSION

### I

This court will affirm a decision of the Board unless we find it to be: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *see also*

*Chase–Baker v. Dep't of Justice,* 198 F.3d 843, 845 (Fed.Cir.1999).

### II

Before this court, Mr. Barzey does not assert that the Board erred in applying any relevant legal standard. Rather, he essentially invites us to independently reevaluate the evidence before the Board.

■ First, Mr. Barzey complains that the Board did not take into account what he characterizes as newly discovered evidence, namely, certain statements by the agency's Area Director regarding the agency's decision to terminate him. Mr. Barzey does not identify those statements for this court, but we assume he is referring to the excerpt of the report by Commerce that he attached to his petition for the Board's review of the Initial Decision. However, Mr. Barzey has not shown that the introduction of those statements at the administrative hearing would have made any difference to the outcome of his IRA appeal. Indeed, the Board itself concluded, after examining all of the evidence, that the administrative judge had made "no error in law or regulation that affects the outcome." We see no reason to disturb this determination of the Board.

■ Second, Mr. Barzey urges that the administrative judge and Board failed to take into account the "evasive" and "less

---

1. On April 28, 1999, Mr. Barzey complained to Commerce that in terminating him, the agency had discriminated against him on the basis of his race, color, gender and religion. The report apparently summarized the results of Commerce's investigation into Mr. Barzey's allegations. The record does not indicate the outcome of this investigation.

2. Mr. Barzey filed his informal brief nearly two months after this court received the certified list from the agency. Federal Circuit Rule 31(e) requires, in pertinent part, that "[i]n a petition for review or an appeal from

an agency, a pro se appellant filing an informal brief must serve and file the brief within 21 days after the certified list or index is served'' by the agency on the appellant. Mr. Barzey states, and the agency does not dispute, that his untimely submission is due to the agency's failure to serve him with a copy of the certified list. The agency does not argue that the appeal should be dismissed. Under these circumstances, we will not dismiss Mr. Barzey's appeal for failure to prosecute.

than forthcoming" testimony by certain witnesses for the agency. However, the administrative judge's credibility determinations are "virtually unreviewable on appeal." *Rogers v. Dep't of Defense Dependents Schools,* 814 F.2d 1549, 1554 (Fed. Cir.1987). We see no reason to depart from that well-established rule in this case.

■ Finally, Mr. Barzey argues that counsel for the agency, contrary to certain alleged representations, refused to call Mr. Barzey's "key witness" at the administrative hearing. So far as the record reveals, Mr. Barzey did not make this argument to the administrative judge or the Board, and we accordingly decline to consider it for the first time on this appeal.

## CONCLUSION

For the foregoing reasons, the decision of the Merit Systems Protection Board is *affirmed.*

## COSTS

No costs.