**Brenda C. ALTMAN, Petitioner,**

v.

**DEPARTMENT OF THE ARMY, Respondent.**

No. 01–3104.

United States Court of Appeals, Federal Circuit.

June 7, 2001.

Before NEWMAN, RADER, and LINN, Circuit Judges.

PER CURIAM.

Brenda Altman seeks review of the final decision of the Merit Systems Protection Board ("MSPB" or "Board"). In that decision, the Board denied Altman's petition for review and affirmed, as modified, the administrative judge's ("AJ") compliance initial decision ("compliance decision") finding that the Department of the Army (the "agency") had complied with the terms of an agreement settling Altman's appeal of her removal. *Altman v. Dept. of the Army,* 87 M.S.P.R. 116 (2000). We *affirm* the Board's decision.

## BACKGROUND

On June 10, 1999, Altman was removed from her position as Program Analyst, GS–343–7, for unacceptable performance. Altman appealed this removal decision to the MSPB. On August 18, 1999, subsequent to filing the appeal with the MSPB, Altman entered into a settlement agreement with the agency. In that settlement, Altman agreed to settle the removal decision and two unrelated discrimination complaints that she had filed against the agency for a specified sum of money. The settlement agreement was submitted to the AJ reviewing the appeal of Altman's removal. The AJ found the agreement to be lawful on its face and to have been freely and voluntarily entered into by the parties. Consequently, on August 19, 1999, the AJ dismissed Altman's appeal of her removal.

Altman petitioned the full Board for review of the AJ's decision dismissing her appeal. In that petition, Altman asserted that the agency had violated the settlement agreement provision that the terms of the agreement would "not be publicized or divulged in any manner, except as necessary for the Agency to administer [the] Agreement and except to the extent necessary for [Altman] to resolve her tax or

legal obligations with any federal, state, or local agency." In addition, Altman challenged the merits of her removal. The Board forwarded the petition and associated documents to the AJ, who treated the petition for review as a petition for enforcement in view of the allegation of a breach of the settlement agreement and the absence of an allegation that the settlement agreement was invalid. The AJ found the agency in compliance with the agreement and therefore denied the petition.

Altman petitioned the full Board for review of the AJ's compliance decision. In this new petition, Altman alleged that her first petition should have been handled as a request for reinstatement of the appeal of her removal, that the agency breached the settlement agreement, and that the settlement agreement was invalid. The Board noted that it is the nature of the complaint and not the relief requested that determines how a petition is treated. Then the Board concluded that because Altman only alleged that the agreement had been breached not that the agreement was invalid, Altman's first petition was properly regarded as a petition for enforcement.

The Board also determined that the agency had not divulged terms of the August 18, 1999 settlement agreement. In particular, the Board found that the agency's dissemination of a copy of a July 30, 1999 letter by Altman's attorney was not a violation of the August 18, 1999 agreement because the dissemination, which Altman was aware of, took place prior to the parties entering into that August 18, 1999 settlement agreement. In addition, regarding an alleged publication of the amount to be paid under the settlement agreement after August 18, 1999, the Board found that Altman offered no evidence of the manner in which the agency allegedly disclosed that amount to contradict the agency's sworn statement that it did not disclose that amount.

Regarding the validity of the settlement agreement, the Board determined that actions that Altman's attorney took after she signed the agreement had no bearing on whether she entered the agreement voluntarily. Moreover, the Board also concluded that the alleged pressure Altman's attorney put on her to include the two discrimination complaints in the settlement agreement did not render the agreement void because she is responsible for the actions of her own attorney.

We have exclusive jurisdiction over Altman's appeal of the Board's final decision. 28 U.S.C. § 1295(a)(9) (1994); 5 U.S.C. § 7703(b)(1) (Supp. V 1999).

## DISCUSSION

Pursuant to 5 U.S.C. § 7703(c) (1994), this court must affirm the Board's decision unless it is: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule or regulation having been followed; or (3) unsupported by substantial evidence. *Chase–Baker v. Dep't of Justice*, 198 F.3d 843, 845 (Fed.Cir.1999). The burden of establishing reversible error in a decision reviewing an administrative agency's decision, such as the Board's, rests upon the petitioner. *Harris v. Dep't of Veteran's Affairs*, 142 F.3d 1463, 1467 (Fed.Cir.1998).

Altman contends, as she did before the Board, that it was improper for her petition to review the AJ's decision dismissing the appeal of her removal from the agency to have been treated as a petition for enforcement. We find no error of law in the manner in which Altman's petition for review was treated. *See Trotta v. United States Postal Serv.*, 73 M.S.P.R. 6, 9 (1997) (noting that determinations of whether a party breached the settlement agreement are properly matters to be addressed in a petition for enforcement); *Virgil v. United*

*States Postal Serv.*, 75 M.S.P.R. 109, 112 (noting that an attack on the validity of a settlement agreement must be made through a petition for review of the initial decision dismissing the appeal as settled).

Altman's remaining arguments are directed to the underlying merits of her removal. In order to challenge the agency actions that were the subject of her now-settled appeal, Altman bears the heavy burden of showing that the settlement agreement is tainted with invalidity—either by fraud practiced upon her or by a mutual mistake under which both parties acted. *Asberry v. United States Postal Serv.*, 692 F.2d 1378, 1380 (Fed.Cir.1982). Because Altman does not allege the settlement is invalid and because the record provides no evidence that the settlement is invalid, Altman's arguments relating to the agency's "discriminatory" treatment of her that led to her removal are irrelevant to this appeal.

Altman has not reasserted her claim of noncompliance by the agency with respect to provisions of the settlement agreement, and we find no errors of law in the Board's conclusion as to agency compliance. For the foregoing reasons, the decision of the Board dismissing Altman's petition for review and affirming, as modified, the AJ's compliance decision is affirmed.