Donald R. VALERINO, Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT, Respondent.

No. 01–3045.

United States Court of Appeals, Federal Circuit.

July 18, 2001.

PER CURIAM.

Donald M. Valerino petitions for review of the decision of the Merit Systems Protection Board holding that he was not eligible for a civil service annuity.[1] Because the Board's decision is in accordance with the relevant laws and regulations, we *affirm*.

## BACKGROUND

Mr. Valerino worked for the Department of Health, Education and Welfare from April 13, 1975 until May 18, 1979. Upon his resignation, Mr. Valerino requested a refund of the retirement funds deducted from his pay. The "Application for Refund of Retirement Deductions," Standard Form 2802, submitted on May 14, 1979, states:

> If you have more than 5 years of service you may be entitled to annuity rights which will be forfeited by payment of this refund unless you are later reemployed subject to the Civil Service Retirement Act.

Mr. Valerino received a refund in the amount of $6,036.59.

In 1999, Mr. Valerino sent a letter to the Office of Personnel Management stating that he wanted credit for his federal service preceding his four-year stint at DHEW because he "may wish to buy back time for retirement compensation purposes." Standard Form 2802 reflects that Mr. Valerino had worked for another department at DHEW from 1970 until 1972, and part-time at the postal service for a "total of 4–6 weeks" in 1955–1956; for both of these positions, there are checks in the boxes on the form indicating that retirement deductions were not withheld from his salary. Mr. Valerino states that he did not insert these checkmarks.

OPM informed Mr. Valerino that he could not establish entitlement to a retirement annuity because he had received a complete refund of all funds he had deposited, and had not thereafter been employed by the federal government. Mr. Valerino's request for reconsideration of the decision was denied, and he appealed to the MSPB. The Board concluded that Mr. Valerino was not entitled to a refund, on the same grounds as applied by OPM. This appeal followed.

## DISCUSSION

Pursuant to 5 U.S.C. § 7703(c), we must affirm the Board's decision unless it is: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule or regulation having been followed; or (3) unsupported by substantial evidence. *Chase–Baker v. Dep't of Justice*, 198 F.3d 843, 845 (Fed.Cir.1999).

It is undisputed that Mr. Valerino received a complete refund of the deductions from his salary while he was employed by the federal government from 1975–1979. The administrative judge's finding that no

---

1. *Valerino v. Office of Pers. Mgmt.*, No. BN0831000053–I–1 (Merit Sys. Prot. Bd. April 28, 2000).

retirement deductions were taken from Mr. Valerino's pay while in other employ with the federal government is based on Mr. Valerino's SF 2802 and a document entitled "Individual Retirement Record," recording deductions taken in 1975–1979. OPM provided no record concerning the earlier periods of employment.

It is undisputed that Mr. Valerino did not work for the government after his resignation from DHEW in 1979. Thus there is a statutory prohibition of redeposit of withdrawn retirement contributions. The governing statutory provision, 5 U.S.C. § 8342(a), states:

> an employee or Member who—
>
> (1)(A) is separated from the service for at least thirty-one consecutive days ...;
>
> (2) files an application with the Office of Personnel Management for payment of the lump-sum credit;
>
> (3) is not reemployed in a position in which he is subject to this subchapter, or chapter 84 of this title, at the time he files the application; and
>
> (4) will not become eligible to receive an annuity within thirty-one days after filing the application,
>
> is entitled to be paid the lump-sum credit.... [T]he receipt of the payment of the lump-sum credit by the employee or Member voids all annuity rights under this subchapter based on the service on which the lump-sum credit is based, *until the employee or Member is reemployed in the service subject to this subchapter.*

(emphasis added); *see also* 5 U.S.C. § 8334(d) (providing credit for annuity rights only for "employees" who redeposit the refund with interest).

Since Mr. Valerino has not been reemployed by the federal government, we affirm that he is not eligible to redeposit funds to establish entitlement to a retirement annuity.

No costs.