Anthony G. CORNYN, Petitioner,

v.

**DEPARTMENT OF THE TREASURY,**
**Respondent.**

No. 04–3053.

United States Court of Appeals,
Federal Circuit.

DECIDED: April 8, 2004.

Rehearing Denied May 4, 2004.

Anthony G. Cornyn, Alexandria, VA, pro se.

Michael N. O'Connell, Kathryn A. Bleecker, David M. Cohen, Department of Justice, Washington, DC, for Respondent.

Before SCHALL, GAJARSA, and LINN, Circuit Judges.

PER CURIAM.

Anthony G. Cornyn ("Cornyn") seeks review of the final decision of the Merit Systems Protection Board ("Board") affirming an action of the Department of the Treasury ("agency"), separating him from service pursuant to a reduction-in-force ("RIF"). *Cornyn v. Dep't of the Treasury*, No. DC–0351–02–0576–I–1 (Sept. 25, 2002) (*"Initial Decision"*), petition for review denied, *Cornyn v. Dep't of the Treasury*, No. DC–0351–02–0576–I–1, 95 M.S.P.R. 293, 2003 WL 22299956 (Sept. 30, 2003). Because the Board's decision was not arbitrary, capricious, an abuse of discretion or contrary to law, and further was supported by substantial evidence, we *affirm*.

## BACKGROUND

Before the RIF, Cornyn held the position of Director, Risk Management and Industry Analysis, TG–1101, Grade 26, at the agency's Office of Thrift Supervision. On March 13, 2002, Cornyn was informed that the agency was conducting a RIF due to budgetary constraints, that he would be released from his position, and that the agency was unable to offer him assignment to another position. *Initial Decision*, slip op. at 2. The effective date of his separation was extended to allow Cornyn to qualify for voluntary retirement in lieu of involuntary action. Cornyn retired on June 1, 2002. *Id.*

Cornyn appealed to the Board on June 14, 2002, arguing that the RIF should be set aside as not in accordance with law, or alternatively, arguing that he had a retreat right to the position of Director, Economic Analysis, TG–301–25. *Id.* at 2–3. The Board found for the agency on each of Cornyn's arguments. In particular, responding to Cornyn's assertion that the RIF should be set aside because the Office of Personnel Management ("OPM") allegedly had not approved the agency's performance appraisal system, the Board concluded that there was no law, rule, or regulation requiring an agency to have an OPM-approved system prior to conducting a RIF. *Id.* at 3–4. Responding to Cornyn's argument that the RIF should be set aside because his RIF notice did not comply with statutory requirements, the Board concluded that, although there was a minor error in Cornyn's notice, the error was at most harmless, because it was not shown nor alleged to have affected his substantive rights. *Id.* at 4–6. Finally, the Board concluded that Cornyn was not entitled to retreat from his position of Director, Risk Management and Industry Analysis, to Director, Economic Analysis, because the positions were not essentially identical. *Id.* at 6–11.

Cornyn timely appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

When reviewing a decision of the Board, we may reverse only if the decision was arbitrary, capricious, an abuse of discretion, or unlawful; procedurally deficient; or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2000); *Chase–Baker v. Dep't of Justice,* 198 F.3d 843, 845 (Fed. Cir.1999). Factual findings are affirmed if they are supported by substantial evidence. 5 U.S.C. § 7703(c). The burden of

establishing reversible error in an administrative decision, such as the Board's, rests upon the petitioner. *Harris v. Dep't of Veterans Affairs,* 142 F.3d 1463, 1467 (Fed.Cir.1998).

As a preliminary matter, the agency challenges the Board's jurisdiction to entertain Cornyn's appeal. Although the Board lacks jurisdiction to consider an appeal from a voluntary retirement, *Covington v. Dep't of Health & Human Servs.,* 750 F.2d 937, 941 (Fed.Cir.1984), the Board appears to have considered and treated Cornyn's dismissal as being involuntary and to have accepted the case as being subject to the Board's jurisdiction. *Initial Decision,* slip op. at 1. We similarly consider Cornyn's appeal as from an involuntary retirement.

On appeal, Cornyn repeats the same arguments he made before the Board, namely: (1) that the RIF was unlawful because OPM has not approved the agency's performance appraisal system; (2) that the RIF was unlawful because his RIF notice did not comply with statutory requirements; and (3) that he was denied his right to retreat to the position of Director, Economic Analysis. Associated with the argument regarding right to retreat, Cornyn alleges that the Board erred in not permitting the testimony of Mr. Malmquist and, further, accuses the agency of tampering with the position description statements on which the Board's decision was based. Finally, on appeal, Cornyn adds the argument that the Board failed to provide him with due process because the Board reviewed too many cases on the day his decision was made final.

■ With respect to Cornyn's argument that OPM has not approved the agency's performance appraisal system, Cornyn takes issue on appeal with the Board's statement that "[a]s an initial matter,

[Cornyn] cited no law, rule, regulation, or Board decision that would require an agency to have an OPM-approved performance appraisal system in place prior to taking a RIF action." *Initial Decision,* slip op. at 3. Cornyn contends that 5 U.S.C. § 4304(b)(1) and 5 U.S.C. § 3502 mandate that the agency, before conducting a RIF, have an OPM-approved appraisal system in place. Cornyn, however, reads much into these two provisions. Although 5 U.S.C. § 4304(b)(1) does delegate to OPM the responsibility of reviewing an agency's performance appraisal system, section 3502 does not require such a system to be in place prior to a RIF. Rather, that section merely states that "[a]n employee who is entitled to retention preference and whose performance has not been rated unacceptable [under an OPM-approved system] is entitled to be retained in preference of other competing employees." 5 U.S.C. § 3502 (2000). That provision does not place a qualification on a RIF, but rather sets forth one of many factors to consider when determining the order in which competing employees are considered during a RIF. Moreover, the Board declined to determine whether the agency's appraisal system is compliant because it concluded that Cornyn failed to allege a reason to believe that the agency did not have OPM-approval. *Initial Decision,* slip op. at 4 n. 3. For these reasons, we are unpersuaded by Cornyn's arguments that the RIF was unlawful for lack of an OPM-approved appraisal system.

As to Cornyn's argument that his RIF notice was unlawful, we are similarly unpersuaded. Section 3502(d)(2) of title 5 U.S.C. provides that an employee must be given a RIF notice including the personnel action to be taken, the effective date of the action, a description of procedures applicable in identifying employees for release, the employee's ranking relative to other competing employees and how that rank-ing was determined, and a description of any appeal or other rights available. 5 U.S.C. § 3502(d)(2) (2000). Cornyn asserts that his notice does not contain a description of applicable procedures or a description of how rankings were determined. Further, Cornyn asserts that the notice incorrectly identifies Cornyn's series and grade.

█ The Board reviewed Cornyn's notice with respect to both the statutory requirements stated above, as well as the requirements of the regulation promulgated thereunder, namely 5 C.F.R. § 351.802(a). *Initial Decision,* slip op. at 5. The Board concluded that Cornyn's notice contained all of the statutory and regulatory required information. Cornyn's argument provides us with no basis to overturn this factual finding. Moreover, we agree with the Board's conclusion that the only error specifically stated by Cornyn, misstating the series number of his position, is harmless and does not affect his substantive rights.

Turning to Cornyn's argument about the right of retreat, he essentially asserts that the position of Director, Economic Analysis, currently held by a Mr. Malmquist, should have been available to Cornyn in retreat, and that the Board erred in concluding that Cornyn's position and the Director, Economic Analysis, position were not essentially identical. Cornyn also contends that the Board erred in not permitting testimony by Mr. Malmquist and that the agency tampered with the evidence in preparing the position description statements used by the Board in comparing the two positions.

█ An individual may retreat to a position held by another employee with lower retention standing if the other employee holds a position that is the same as, or essentially identical to, the position held by

the employee seeking to retreat. 5 C.F.R. § 351.701(c)(1). In determining whether the positions of Director, Risk Management, held by Cornyn prior to the RIF, and of Director, Economic Analysis, held by Cornyn's subordinate, Mr. Malmquist, were essentially identical, the Board looked to the position description statements for each. *Initial Decision,* slip op. at 6–11. As a factual matter, the Board's conclusion that the two positions were not essentially identical is supported by substantial evidence in the record, because the positions have differences in their duties and qualifications and required different skills and expertise. None of Cornyn's arguments on the merits persuade us that the Board's factual findings are unsupported.

■ Cornyn contends that the Board erred in denying his request to call Mr. Malmquist as a witness. *Cornyn v. Dep't of the Treasury,* No. DC–0351–02–0576–I–1 (Aug. 14, 2002) (*"Order"*). The Board concluded that Mr. Malmquist's expected testimony, that his position description statement is "old and may not be accurate," was not material or relevant to an understanding of the position description statements, the main determining factor of whether two positions are essentially identical. We review the Board's evidentiary rulings under an abuse of discretion standard. *Veneziano v. Dep't of Energy,* 189 F.3d 1363, 1369 (Fed.Cir.1999). To show an abuse of discretion in the refusal to permit testimony of a particular witness, Cornyn must show that the witness's testimony would have added something material for the record. *Id.; Davis v. Office of Pers. Mgmt.,* 918 F.2d 944, 946 (Fed.Cir. 1990). The Board correctly stated that position description statements are the primary determinant of whether positions are essentially the same. *Heelen v. Dep't of Commerce,* 154 F.3d 1306, 1310 (Fed.Cir.

1998); *Simonton v. Army,* 62 M.S.P.R. 30 (1994). On appeal, Cornyn fails to identify the relevant factual or legal questions to which the testimony of Mr. Malmquist would have added. We therefore conclude that there was no abuse of discretion in the Board's refusal to allow Mr. Malmquist to testify.

Cornyn raises serious allegations of evidence tampering, but supports these charges with nothing more than bare allegations. The basis for Cornyn's allegations are intermediate position description statements that either were not before the Board or were not considered by it. Cornyn admits that he did not raise this issue before the Board, acknowledging in his brief that he did not notice the alleged problem with the position description statements until he was preparing his brief on appeal. (Pet. Br. at 12 n. 3). We do not consider issues raised for the first time on appeal, particularly here where the facts supporting the issues have not been found or addressed by the Board. *Mueller v. United States Postal Serv.,* 76 F.3d 1198, 1201–02 (Fed.Cir.1996).

We have carefully considered all of Cornyn's other arguments, including his claim that due process was denied, and find them to be without merit. For the foregoing reasons, the decision of the Board is *affirmed.*