NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3242

JOSEPH J. BUCHER,

Petitioner,

v.

DEPARTMENT OF THE INTERIOR,

Respondent.

Joseph J. Bucher, of Shedd, Oregon, pro se.

Timothy P. McIlmail, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent.  With him on the brief were Gregory G. Katsas, Assistant Attorney General, Jeanne E. Davidson, Director, and Kirk T. Manhardt, Assistant Director.

Appealed from:  Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3242

JOSEPH J. BUCHER,

Petitioner,

v.

DEPARTMENT OF THE INTERIOR,

Respondent.

Petition for review of the Merit Systems Protection Board in SF-0752-07-0072-I-1.

_____

DECIDED: November 10, 2008

_____

Before MAYER, GAJARSA, and PROST, Circuit Judges.

PER CURIAM.

Joseph J. Bucher petitions for review of a March 5, 2008 decision of the Merit Systems Protection Board ("Board") denying his request for reconsideration of an earlier decision dismissing his appeal in view of settlement. Bucher v. Dep't of the Interior, No. SF-0752-07-0072-I-1 (M.S.P.B. Mar. 5, 2008). We affirm.

## BACKGROUND

Mr. Bucher was removed from his position as a district coordinator with the Bureau of Land Management ("BLM") effective September 30, 2006. Mr. Bucher appealed his termination to the Board on October 24, 2006. On December 12, 2006,

the administrative judge ("AJ") held a status conference and discussed the possibility of settlement. Eight days later, while represented by counsel, Mr. Bucher entered into a settlement agreement agreeing to withdraw his appeal, agreeing not to initiate any other proceedings concerning the subject of the appeal, and waiving all claims against the Department of the Interior. The Department of the Interior agreed to pay Mr. Bucher $2,500 in attorney fees, suspend his removal action and place him on Leave Without Pay Status until September 30, 2007 or until he secured other employment, which ever came first, and provide him with a neutral reference related to any future employment he might seek.

On December 22, 2006, the AJ dismissed Mr. Bucher's appeal, finding that the settlement agreement was lawful and that "the parties understand its terms, freely entered into it, and intend to have it entered into the record for enforcement by the Board." Bucher v. Dep't of the Interior, No. SF-0752-07-0072-I-1 (M.S.P.B. Dec. 22, 2006).

On October 11, 2007, Mr. Bucher, representing himself and claiming that at the time he signed the settlement agreement he suffered from diminished mental capacity, requested the Board set aside his settlement agreement and allow him to appeal from the BLM's decision to remove him. For support, Mr. Bucher points to a February 20, 2007 letter from a psychiatrist who believed Mr. Bucher "has a chronic, serious mental disorder (bipolar disorder)" and an August 25, 2006 letter prior to the settlement from a doctor who was "treating Mr. Bucher for a serious mood disorder." On March 5, 2008, the Board denied Mr. Bucher's petition for review, concluding that there was no new, previously unavailable evidence, and that the AJ made no error of law or regulation that

affected the outcome.  <u>Bucher v. Dep't of the Interior</u>, No. SF-0752-07-0072-I-1 (M.S.P.B. Oct. 11, 2006).  This appeal followed.  We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

The scope of our review from a Board appeal is limited.  We must affirm the Board's decision unless it was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence."  5 U.S.C. § 7703(c); <u>Chase-Baker v. Dep't of Justice</u>, 198 F.3d 843, 845 (Fed. Cir. 1999).

The Board may grant a petition for review when it is established either that (1) new and material evidence is available that, despite due diligence, was not available when the record was closed or (2) the reviewed decision was based on an erroneous interpretation of statute or regulation.  5 C.F.R. § 1201.115.  "Those who employ the judicial appellate process to attack a settlement through which controversy has been sent to rest bear a properly heavy burden" of showing that the settlement agreement was tainted by fraud or mistake.  <u>Asberry v. United States Postal Serv.</u>, 692 F.2d 1378, 1380 (Fed. Cir. 1982).

Mr. Bucher argues that he was "far too ill to have entered into any binding agreements" such as the settlement, but concedes that he "provided compelling evidence in proving that management was fully aware of [his] illness as early as January 2006."  The August 25, 2006 letter from a doctor regarding his mental health is evidence that Mr. Bucher's mental condition was available at the time of the settlement four months later, and, in the December 12, 2006 status conference prior to the

settlement, the AJ referenced a comment by counsel for the Department of the Interior stating that the appellant suffers from a "mood disorder (unspecified), including depression, and bipolar disorder." Mr. Bucher presents no new evidence whatsoever that was not available to the AJ for the December 2006 decision nor does he suggest that the decision was tainted by fraud or mistake.

Mr. Bucher further argues that "prior decisions have been based primarily on procedural or timeliness issues," but this was not the case. Although Mr. Bucher's petition for reconsideration was untimely, the Board reached its conclusion on other grounds and did not address the timeliness issue.

We agree with the finding of the Board that there was no new and material evidence since the finding of the AJ to warrant a review of the dismissal. The Board's determination was supported by substantial evidence and was not arbitrary, capricious, or an abuse of discretion.

## CONCLUSION

For the foregoing reasons, we affirm the Board's dismissal. No costs.