NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3114

DORIS ANN HALL,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Doris Ann Hall, of Charlotte, North Carolina, pro se.

Stephanie Conley, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With her on the brief were B. Chad Bungard, General Counsel, and Keisha Dawn Bell, Deputy General Counsel.

Appealed from: Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3114

DORIS ANN HALL,

Petitioner,

v.

MERIT SYSTEMS PROTECTIONS BOARD,

Respondent.

Petition for review of the Merit Systems Protection Board in DC0752080544-I-1.

———————————————

DECIDED: July 13, 2009

———————————————

Before NEWMAN, LOURIE, and RADER, Circuit Judges.

PER CURIAM.

## I.

The Merit Systems Protection Board dismissed Ms. Doris Ann Hall's claim of involuntary retirement for lack of jurisdiction. Hall v. Dep't of Homeland Sec., No. DC-0752-08-0544-I-1 (M.S.P.B. December 11, 2008). Because Ms. Hall did not make a non-frivolous allegation of involuntary retirement, this court affirms.

## II.

Petitioner Doris Hall was employed as a human resources specialist with the Transportation Security Administration in Arlington, Virginia. In January 2005, Hall had a meeting with her supervisor, Deborah Grade, and her team leader, Andrea McKinney,

to discuss her career goals. At that meeting, Hall expressed the option of retirement in the coming year. In her words: "I explained that I was 61 years old and would be turning 62 years of age and would explore the possibility of retirement as my goal." As a result of the meeting, Grade instructed McKinney to review Hall's employment file to assess her retirement options.

According to Hall, from that moment onwards Grade improperly used Hall's interest "as a means to harass" her into retirement in order to replace her with a younger employee. In support of this claim, Hall alleges that she was frequently omitted from assignment lists for training and given simple assignments which she found demeaning and detrimental to her health. Hall also relies on an incident where she attended a training session and was dismissed upon voicing her opinion that the session was unhelpful.

In October 2005, Hall alleges that she attended another meeting with Grade and McKinney where Grade stated: "If you don't retire, I'm going to terminate you. If I have time, I'll look for an Assistant's job for you." Later that month, Hall submitted a voluntary retirement notice indicating that her effective date of retirement would be November 30, 2005. As further evidence to support her discrimination claim, Hall highlights that she was not given "the usual office wide retirement celebration." Shortly after the effective date of her retirement, Hall filed a formal complaint of age discrimination with the Equal Employment Opportunity Commission. The complaint was remanded to her employing agency who ultimately found no evidence of age discrimination. Hall then appealed the decision to the Board who dismissed Hall's claim for lack of jurisdiction without granting an evidentiary hearing. Hall timely appealed to this court under 28 U.S.C. § 1295(a)(9).

III.

The scope of our review from a Board appeal is limited. This court must affirm unless the Board's decision was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence." 5 U.S.C. § 7703(c); Chase-Baker v. Dep't of Justice, 198 F.3d 843, 845 (Fed. Cir. 1999). This court also reviews the Board's jurisdiction without deference. Bolton v. Merit Sys. Prot. Bd., 154 F.3d 1313, 1316 (Fed. Cir. 1998).

Because a decision to resign or retire is presumed to be voluntary, an employee who voluntarily resigns or retires has no right to appeal to the Board. Shoaf v. Dep't of Agric., 260 F.3d 1336, 1340-41 (Fed. Cir. 2001). Where the resignation or retirement was "involuntary and thus tantamount to forced removal," however, the Board possesses jurisdiction over the appeal. To establish involuntariness on the basis of coercion we have required an employee to show that: (1) the agency effectively imposed the terms of the employee's resignation or retirement; (2) the employee had no realistic alternative but to resign or retire; and (3) the employee's resignation or retirement was the result of improper acts by the agency. Garcia v. Dep't of Homeland Sec., 437 F.3d 1322, 1329 (Fed. Cir. 2006). This court notes that "the doctrine of coercive involuntariness is a narrow one" requiring that the employee "satisfy a demanding legal standard." Staats v. U.S. Postal Serv., 99 F.3d 1120, 1124 (Fed. Cir. 1996). The test for involuntariness is objective. An employee must "establish that a reasonable employee confronted with the same circumstances would feel coerced into resigning." Middleton v. Dep't of Defense, 185 F.3d 1374, 1379 (Fed. Cir. 1999). "[A]

hearing is required with respect to jurisdictional questions only if the employee makes a non-frivolous allegation that, if proved, would establish Board jurisdiction." Staats, 99 F.3d at 1125.

In Staats, we explained that the doctrine of coercive involuntariness "does not apply to a case in which an employee decides to resign or retire because he does not want to accept a new assignment, a transfer, or other measures that the agency is authorized to adopt, even if those measures make continuation in the job so unpleasant for the employee that he feels that he has no realistic option but to leave." Id. at 1124. Presenting an employee with "an unpleasant situation" or "two unattractive options" does not make the employee's decision any less voluntary. Id. See also Christie v. United States, 207 Ct.Cl. 333, 518 F.2d 584, 587 (1975) ("[W]hile it is possible plaintiff, herself, perceived no viable alternative but to tender her resignation, the record evidence supports CSC's finding that plaintiff chose to resign and accept discontinued service retirement rather than challenge the validity of her proposed discharge for cause. The fact remains, plaintiff had a choice. She could stand pat and fight. She chose not to.")

This record does not show any non-frivolous allegations that rise to the level of coercive involuntariness. Thus, Hall showed no entitlement to an evidentiary hearing with respect to jurisdiction. It was Hall — not Grade or McKinney — who first brought up the possibility of retirement in the meeting where her career goals were discussed. It was Hall — not the agency — who set the date of her retirement. The vast majority of Hall's alleged discriminatory actions amount to nothing more than speculation. Her claims that she was treated unfairly by being precluded from attending training

sessions, by being given "demeaning" job tasks, and by not receiving "the usual office wide retirement celebration" are the exact type of contentions we have previously held are not actionable under the doctrine of coercive involuntariness. Even Grade's alleged statement that she would terminate Hall if she refused to retire, when viewed in light of the entire record, does not save Hall's claim. Grade's statement was itself immediately qualified with, "[i]f I have time, I'll look for an Assistant's job for you." Hall has alleged no supporting facts beyond this isolated exchanged. Nor has she alleged that an appointment to an assistant's position would be beyond the agency's scope of authority.

In sum, the record shows that Hall's retirement was not forced or coerced, as those terms are used in this context. Instead, when the totality of the circumstances are considered, we agree with the administrative judge that Hall's proffer failed to provide the basis for a non-frivolous involuntary-resignation claim. We therefore affirm the Board's decision.

COSTS

No costs.