NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-3298

LOUIS J. DE MAIO,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

Louis J. De Maio, of Bel Air, Maryland, pro se.

Michael J. Dierberg, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent.  With him on the brief were Tony West, Assistant Attorney General, Jeanne E. Davidson, Director, and Mark A. Melnick, Assistant Director.

Appealed from:  Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-3298

LOUIS J. DE MAIO,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

Petition for review of the Merit Systems Protection Board in PH-0831-06-0036-I-1.

_____

DECIDED: November 5, 2009

_____

Before MAYER and RADER, <u>Circuit Judges</u>, and WILKEN, <u>District Judge</u>.[*]

PER CURIAM.

The Merit Systems Protection Board ("MSPB" or "Board") affirmed the Office of Personnel Management's ("OPM's") denial of Mr. De Maio's request for an additional retirement annuity based upon voluntary contributions to his individual retirement account.  OPM denied his request because it concluded that it could not provide an additional retirement annuity to Mr. De Maio unless and until he applies for, and receives, his Civil Service Retirement System ("CSRS") annuity.  Because the Board did not abuse its discretion and its findings were not arbitrary and capricious, contrary to law, or otherwise reversible, this court <u>affirms</u>.

_____

[*]   The Honorable Claudia Wilken, District Judge, United States District Court for the Northern District of California, sitting by designation.

I.

Mr. De Maio was a federal employee with the Department of the Treasury from 1967 until his termination in April 2005. App. A at 2. In March 1993, Mr. De Maio elected to make voluntary contributions to his CSRS individual retirement account for receipt of greater benefits, in the form of an additional CSRS annuity, at retirement. See 5 C.F.R. 831.403 (2005).

Shortly after his removal from federal service, Mr. De Maio requested that OPM permit him to purchase an additional annuity using his voluntary contributions. OPM denied his request, stating that the law does not permit an employee to receive additional annuity based upon voluntary contributions without receiving, or having applied for, CSRS benefits. App A at 2. OPM denied Mr. De Maio's request for reconsideration in October 2005.

Mr. De Maio later filed a petition with the MSPB in October 2005, challenging the OPM's decision denying his voluntary contributions election under the CSRS. The MSPB issued an initial decision in January 2006, affirming OPM's determination. See App. A at 1–7, 3 (quoting 5 U.S.C. § 8343(b): "[t]he voluntary contribution account is used to purchase at retirement an annuity in addition to the annuity otherwise provided"). The full board denied Mr. De Maio's petition for review.

Mr. De Maio appealed to this court, which dismissed his appeal in July 2006 for failure to pay the docketing fee. Nearly three years later, on May 19, 2009, this court reinstated Mr. De Maio's appeal, noting in the order that he paid the filing fee, albeit to the wrong court.

In his opening brief to this court, Mr. De Maio includes a challenge to the propriety of the Internal Revenue Service's ("IRS") decision to remove him from federal service. The IRS removed Mr. De Maio from employment on April 29, 2005, in part because his position required a license to practice law. In 2004, the State of Maryland disbarred Mr. De Maio; the District of Columbia suspended his license to practice law based upon his disbarment in Maryland. App. B. at 2–4. Mr. De Maio appealed his removal to the MSPB, which docketed his appeal as De Maio v. Dep't of Treasury, PH-0752-05-0394-I-1. See App. B at 1–9. In an initial decision dated August 18, 2005, the administrative judge affirmed Mr. De Maio's removal, finding that he engaged in "serious misconduct." App. B. at 9. The full board denied Mr. De Maio's petition for review. See De Maio v. Dep't of Treasury, 101 M.S.P.R. 131 (Table) (M.S.P.B. Jan. 4, 2006) (unpublished denial of petition for review). This court dismissed Mr. De Maio's corresponding appeal in June 29, 2006, for his failure to file and serve an appeal brief. See De Maio v. Dep't of the Treasury, 189 Fed. Appx. 959 (Fed. Cir. 2006).

Mr. De Maio filed a timely petition of the Board's final decision in the present case. This court has jurisdiction under 28 U.S.C. 1295(a)(9).

II.

This court must affirm the Board's decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (1998); see also Chase-Baker v. Dep't of Justice, 198 F.3d 843, 845 (Fed. Cir. 1999).

Mr. De Maio contests the Board's decision affirming OPM's determination that he could not receive a retirement annuity based upon voluntary contributions, without also applying for and receiving his CSRS annuity. Pet. Br. at 6. Mr. De Maio does not show that the Board's decision with respect to his voluntary contributions was arbitrary, capricious, or contrary to law. No statutory or regulatory provision allows OPM to pay Mr. De Maio a retirement annuity based upon his voluntary contributions, unless he also applies for and receives his CSRS annuity. As the MSPB noted, 5 C.F.R. § 831.407(a) states that "[a]t the time of retirement [under] CSRS (or under FERS, if transferred from CSRS), . . . a person may use the balance of a voluntary contribution account to purchase . . . <u>additional</u> annuity. . . ." 5 C.F.R. § 831.407(a) (emphasis added). This language is unambiguous. "At the time of retirement" and "additional" mean that an annuity based on voluntary contributions only applies when the annuitant also applies for a civil service retirement annuity. <u>Accord</u> 5 U.S.C. § 8343(b) ("The voluntary contribution account is used to purchase <u>at retirement</u> an annuity <u>in addition</u> to the annuity otherwise provided.") (emphasis added).

Mr. De Maio further contends that he should not be required to apply for CSRS annuity because doing so would prejudice his challenge to his termination by the Department of Treasury. Pet. Br. at 6. This claim fails for two reasons. First, under 5 U.S.C. § 7701(j), "[i]n determining the appealability under this section of any case involving a removal from the service (other than the removal of a reemployed annuitant), neither an individual's status under any retirement system established by or under Federal statute nor any election made by such individual under any such system may be taken into account." 5 U.S.C. § 7701(j); <u>see also</u> <u>Mays v. Dep't of Transp.</u>, 27

F.3d 1577, 1579 (Fed. Cir. 1994) ("The plain language of section 7701(j) means that retirement status cannot be taken into account in determining the appealability of 'any case involving a removal.'"). Accordingly, § 7701(j) prevents this court from considering Mr. De Maio's CSRS status in conjunction with the IRS's decision to remove him from federal service.

Second, Mr. De Maio's claims with respect to his termination are barred by res judicata. Mr. De Maio contested his removal and received a final decision on the merits in a different appeal from the MSPB. Res judicata prevents parties from litigating issues that were, or could have been, raised in a prior action. Carson v. Dep't of Energy, 398 F.3d 1369, 1375 (Fed. Cir. 2005). The doctrine serves to "relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication." Id. (quoting Allen v. McCurry, 449 U.S. 90, 94 (1980)). Res judicata applies if (1) the prior decision was rendered by a forum with competent jurisdiction; (2) the prior decision was a final decision upon the merits; and (3) the same cause of action and the same parties or their privies were involved in both cases. Carson, 398 F.3d at 1375.

Mr. De Maio's claims regarding his removal are barred by res judicata because: (1) a forum with competent jurisdiction rendered the MSPB's decision; (2) the decision was final on the merits; (3) the cause of action was between the same parties; and (4) Mr. De Maio asserted, or could have asserted, the same claims that he now raises. "Matters resolved by a final decision in a prior appeal are res judicata and are not properly before the Board in subsequent appeals." Van Sant v. U.S. Postal Serv., 39 M.S.P.R. 408, 412 (M.S.P.B. 1989). Therefore, in addition to § 7701(j), Mr. De Maio's

challenge to his removal and the relief that he seeks in connection with his removal are barred under the doctrine of res judicata.

Mr. De Maio asserts claims for back pay, accrued interest, punitive damages against the government, and attorney fees regarding the IRS's failure to promote him and the revocation of his flexiplace agreement—a program that allowed him to work from home. Pet. Br. at 3. The Board was without jurisdiction to consider these claims. "There is no law, rule, or regulation giving the Board jurisdiction over an agency's flexiplace (flexible work place or alternate work place) decisions." Gore v. Dep't of Labor, 101 M.S.P.R. 320, 322 (M.S.P.B. 2006); see also 5 U.S.C. § 7512 (not listing work location decisions as among the adverse actions that may be appealed to the Board under 5 U.S.C. § 7513). Likewise, "no law, rule, or regulation authorizes a direct appeal to the Board respecting a nonselection for promotion." Ellison v. Merit Sys. Prot. Bd., 7 F.3d 1031, 1034 (Fed. Cir. 1993). Because the Board did not have jurisdiction over these claims, this court is without jurisdiction to consider them.

Finally, Mr. De Maio contends that the MSPB denied him due process. He asserts that human judges versus computers of the MSPB denied his request to stay OPM's reconsideration decision, as well as his petition for review by the full board. Pet. Br. 7–8. Because Mr. De Maio has not shown that OPM or the MSPB exhibited "a deep-seated favoritism or antagonism that would make fair judgment impossible," this court need not address this claim. See Bieber v. Dep't of the Army, 287 F.3d 1358, 1361–63 (Fed. Cir. 2002).

For these reasons, this court finds that the MSPB did not abuse its discretion and its findings were not arbitrary and capricious, contrary to law, or otherwise reversible and affirms its final decision in this case.

AFFIRMED

No costs.