NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**LONDON STEVERSON,**
*Petitioner,*

v.

**SOCIAL SECURITY ADMINISTRATION,**
*Respondent.*

---

2009-3287

---

Petition for review of the Merit Systems Protection Board in CB-7521-08-0017-T-1.

---

Decided: June 17, 2010

---

RONALD P. ACKERMAN, Law Office of Ronald P. Ackerman, of Culver City, California, argued for petitioner.

TARA K. HOGAN, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and TODD M. HUGHES, Deputy Director.

---

Before RADER,[*] *Chief Judge*, PLAGER, and LOURIE, *Circuit Judges.*

PER CURIAM.

## I.

London Steverson petitions for review of the final decision of the Merit Systems Protection Board (the "Board") terminating his position as an Administrative Law Judge with the Social Security Administration (the "SSA"). Because substantial evidence supports the Board's decision to uphold Mr. Steverson's termination, this court *affirms*.

## II.

Mr. Steverson was an Administrative Law Judge for the SSA's Downey, CA branch office. On April 18, 2008, the SSA filed a complaint with the Board seeking to remove Judge Steverson from his position based on four charges: (1) conduct unbecoming of an administrative law judge, (2) misuse of government property, (3) lack of candor, and (4) failure to follow agency policy.

The first charge related to Judge Steverson's use of agency letterhead for personal correspondence in violation of agency policy. The agency based the charge on four separate specifications. In the first three specifications, the agency alleged that Judge Steverson used official agency letterhead to send three letters to mortgage or loan companies relating to a personal home loan. The letters had an official SSA seal as well as the name and address of Judge Steverson's SSA office. Judge Steverson had signed the letter with the title "Administrative Law Judge." The fourth specification alleged that Judge

---

[*] Randall R. Rader assumed the position of Chief Judge on June 1, 2010.

Steverson had used official agency letterhead to lodge a complaint against a California state court commissioner he had appeared before in a custody dispute. In response, the Superior Court of California's counsel wrote to the SSA's regional counsel identifying the letter and explaining that the use of an official title and stationery might be a violation of California's judicial ethics codes. In addition, the state court commissioner identified in the letter by Judge Steverson filed a judicial ethics complaint with the SSA against Judge Steverson.

The second charge contained two specifications. The first specification alleged that Judge Steverson had used his work computer between 2001 and 2007 to view and store sexually oriented material. A routine resource management initiative by the SSA's information technology division revealed that Judge Steverson had stored over 1000 sexually graphic files on the individual personal drive of his government computer. The second specification alleged that Judge Steverson had misused his government computer in 2004 and 2005 by using it for several personal business ventures. Judge Steverson has since admitted that the use of his work computer relating to his personal business ventures was in violation of agency policy.

The third charge asserted that Judge Steverson had displayed a lack of candor during his investigatory interview with Hearing Office Chief Administrative Law Judge Cynthia Minter. Judge Minter was assigned to question Judge Steverson after the allegations specified in charges one and two arose. Judge Steverson received advance notice of the interview and waived his right to have a union representative present. At the interview, Judge Steverson maintained that he had no idea how the sexually graphic material got on his computer and that he

thought his use of official stationery was acceptable under the circumstances.

The fourth charge related to Judge Steverson's use of his business address to send and receive personal correspondence. In June 2004, the office director for Judge Steverson's branch office informed all employees that the office mailing address was not to be used for personal correspondences.

The administrative law judge assigned to the complaint held a two-day hearing and heard testimony from six witnesses, including Judge Steverson. The administrative law judge later issued an initial decision upholding all but the lack-of-candor charge and finding that a 35-day suspension was the appropriate penalty. The SSA then petitioned the full Board contesting the administrative law judge's finding that the lack-of-candor charge had not been proven and the penalty determination of a 35-day suspension rather than the proposed removal. The Board agreed in whole with the SSA and found good cause to remove Judge Steverson. This appeal followed.

## III.

This court must affirm the Board's decision unless it was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence." 5 U.S.C. § 7703(c); *Chase-Baker v. Dep't of Justice*, 198 F.3d 843, 845 (Fed. Cir. 1999).

Administrative law judges may be removed for "good cause established and determined by the [Board]." 5 U.S.C. § 7521(a). "Deference is given to the agency's judgment unless the penalty exceeds the range of permissible punishment specified by statute or regulation, or

unless the penalty is so harsh and unconscionably dispro-
portionate to the offense that it amounts to an abuse of
discretion." *Parker v. United States Postal Serv.*, 819 F.2d
1113, 1116 (Fed. Cir. 1987) (internal quotation marks
omitted).

On appeal, Judge Steverson raises two arguments.
First, Judge Steverson argues that the Board's decision to
sustain the charge of lack of candor is not supported by
substantial evidence. Second, Judge Steverson argues
that the Board's decision to remove him was an abuse of
disrection.

As to the first, substantial evidence supports the
Board's finding that Judge Steverson displayed a lack of
candor during his interview with Judge Minter. "Lack of
candor . . . is [a broad] and more flexible concept whose
contours and elements depend upon the particular context
and conduct involved. It may involve a failure to disclose
something that, in the circumstances, should have been
disclosed in order to make the given statement accurate
and complete." *Ludlum v. Dept. of Justice*, 278 F.3d 1280,
1284 (Fed. Cir. 2002). Here, in response to Judge
Minter's questioning relating to the use of SSA official
stationery, Judge Steverson stated that he thought it was
fine because he was using an out-of-date SSA stationery
that had since been replaced by the agency. In addition,
in regards to the sexually oriented material on his com-
puter, Judge Steverson claimed that he was either not
responsible for the content or had no idea how it got on
his computer. The Board found both these excuses unbe-
lievable—rightly so. What difference would it make to the
recipient of an SSA correspondence whether the station-
ery used was out-of-date? How would the recipient even
know that it was out-of-date? Even more, Judge Stever-
son's claim of ignorance as to the 1000 sexually graphic
files on his computer strains credulity. Significantly,

agency information technology staff testified that the type of files found on Judge Steverson's personal work computer were files created by the user, which required several separate and volitional acts by him. Substantial evidence therefore supports the Board's findings.

Judge Steverson's second argument on appeal—that removal was an unreasonable penalty given the charges—also fails. The charges at issue here are sufficient such that the Board did not abuse its discretion in deciding to terminate Judge Steverson. Again, all charges alleged were sustained. Judge Steverson engaged in conduct unbecoming of an Administrative Law Judge, misused government property, displayed a lack of candor with an investigatory official, and failed to follow agency policy. Together, these charges amount to good cause for removal. The agency therefore did not abuse its discretion in removing Judge Steverson from employment.

The judgment of the Board is affirmed.

COSTS

No costs.