NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

05-3074

BRENT E. GRAY,

Petitioner,

v.

UNITED STATES POSTAL SERVICE,

Respondent.

_____

DECIDED:  June 9, 2005

_____

Before MAYER, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and LINN, Circuit Judge.

PER CURIAM.

Brent E. Gray ("Gray") appeals a decision of the Merit Systems Protection Board ("Board") sustaining a modified charge of improper conduct and reversing the initial decision with respect to the penalty to sustain his removal from the United States Postal Service ("Postal Service").  Gray v. United States Postal Serv., No. CH-0752-03-0738-I-1 (M.S.P.B. Oct. 22, 2004) ("Final Decision").  Because the Board's decision sustaining

05-3074                                    1

the charge and the removal is supported by substantial evidence, is not an abuse of discretion, and does not otherwise contain reversible error, we affirm.

BACKGROUND

Gray had been employed by the Postal Service for nine years and was originally hired as a Letter Carrier. In February 1995, he reported an aggravation of a pre-existing flat-foot condition and severe fungal infection and, in February 2000, the Postal Service accommodated his condition by assigning him to a Modified Clerk position. For slightly less than two years prior to his removal from employment, Gray held a second job working as a Sales Associate in the Flooring Department of a Home Depot store.

Following an investigation by the Postal Inspection Service, the Postal Service removed Gray from his Modified Clerk position based on a charge of improper conduct. Specifically, the charge of improper conduct, as interpreted by the administrative judge and unobjected to by both parties, included a charge pertaining to Gray's alleged violation of medical restrictions limiting him to nine hours of work per day by working at his second job in addition to his full tour of duty at the Postal Service, and a charge pertaining to his working at the second job on ten days on which he took sick leave from the Postal Service. The administrative judge did not sustain the charge pertaining to Gray's violation of the medical restriction due to lack of a nexus between the misconduct and the efficiency of the Postal Service, but sustained the charge of abuse of sick leave for seven of the ten days at issue. See Gray v. United States Postal Serv., No. CH-0752-03-0738-I-1 (M.S.P.B. Dec. 31, 2003) ("Initial Decision"). Considering all the relevant factors, the administrative judge concluded a 30-day suspension was the maximum reasonable penalty. Initial Decision at 16-19.

The Postal Service petitioned for review to the full Board, arguing that the administrative judge erred in not sustaining the charge of abuse of sick leave for all ten days and in mitigating the penalty of removal. The Board reversed-in-part the Initial Decision and sustained the abuse of sick leave charge for all of the ten days at issue. The Board also concluded that the penalty of removal was within tolerable limits of reasonableness. Final Decision at 4-5. Gray timely appealed.

We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

### A. Standard of Review

Pursuant to 5 U.S.C. § 7703(c), this court must affirm the Board's decision unless it is: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule or regulation having been followed; or (3) unsupported by substantial evidence. Chase-Baker v. Dep't of Justice, 198 F.3d 843, 845 (Fed. Cir. 1999). The petitioner bears the burden of establishing reversible error in reviewing a decision of an administrative agency such as the Board. Harris v. Dep't of Veterans Affairs, 142 F.3d 1463, 1467 (Fed. Cir. 1998).

### B. Analysis

To succeed in an adverse action against an employee, an agency must establish that the conduct occurred, that there is a nexus between the conduct and the efficiency of the service, and that the penalty imposed by the agency was reasonable. Bryant v. Nat'l Sci. Found., 105 F.3d 1414, 1416 (Fed. Cir. 1997). We address each of these requirements in turn.

#### 1. Conduct

There are four periods of leave that are relevant to our analysis: (1) October 15 and 19, 2001, during which Gray worked at his second job while on regular sick leave, and the hours at his second job overlapped with his tour of duty at the Postal Service; (2) April 16 and 18, 2002, during which Gray worked at his second job while on sick leave pursuant to the Family and Medical Leave Act of 1993 ("FMLA"), with no overlap of hours at his second job and his tour of duty at the Postal Service; (3) April 1, 2, and 6, 2002, during which Gray worked at his second job while on sick leave under FMLA, and the hours at the second job overlapped with his regular tour of duty at the Postal Service; and (4) April 4, 8, and 9, 2002, during which Gray worked at his second job while on sick leave under FMLA, and the hours at the second job did not overlap with his regular tour of duty.

Regarding the dates in the first category, the administrative judge found, and the Board affirmed, that Gray was required by the Postal Service's Employee and Labor Relations Manual ("ELM") § 513.312 to obtain prior approval from the agency before engaging in any gainful employment while on sick leave. Gray does not challenge this finding. Instead, Gray argues that the charge pertaining to the dates in the remaining three categories can not be sustained because they relate to sick leave under FMLA and not to regular sick leave, and, thus, the ELM provisions are inapplicable. We disagree.

The relevant ELM provision states, "An employee who is in sick leave status may *not* engage in any gainful employment unless prior approval has been granted by appropriate authority." ELM § 513.312. As the Board correctly recognized, "This provision makes no distinction between ordinary sick leave and sick leave granted

under the FMLA, nor does it distinguish between sick leave due to the employee's own illness and sick leave granted for any other permissible purpose." Final Decision at 4. Therefore, the plain language of ELM § 513.312 requires Gray to obtain prior approval before working at his second job for the dates in categories (2), (3), and (4). Because there is no dispute that Gray was on sick leave during the dates in question, and he failed to obtain prior approval for work at his second job, the Board did not err in sustaining the charge of abuse of sick leave in its entirety.

## 2. Efficiency of the Service

The administrative judge found that "the [Postal Service's] decision to discipline the appellant was taken for such cause as promotes the efficiency of the service." Initial Decision at 12. Gray does not dispute this finding.

## 3. Penalty

The "[d]etermination of an appropriate penalty is a matter committed primarily to the sound discretion of the employing agency." Brook v. Corrado, 999 F.2d 523, 528 (Fed. Cir. 1993) (quoting Beard v. Gen. Servs. Admin., 801 F.2d 1318, 1322 (Fed. Cir. 1986)). Accordingly, we will not disturb the Board's decision to sustain the agency's penalty determination unless the Board's decision is not supported by substantial evidence, is an abuse of discretion, or otherwise contains reversible error. 5 U.S.C. § 7703(c) (2000); Parker v. United States Postal Serv., 819 F.2d 1113, 1116 (Fed. Cir. 1987); Nagel v. Dep't of Health and Human Servs., 707 F.2d 1384, 1386-87 (Fed. Cir. 1983).

The deciding official considered various Douglas factors relevant to the present case. See Douglas v. Veterans Admin., 5 M.S.P.R. 280, 305-06 (1981). In particular,

the deciding official considered the following factors: (1) nature and seriousness of Gray's conduct; (2) his past disciplinary record; (3) his length of service; (4) consistency of the penalty; (5) any mitigating circumstances; and (6) adequacy and effectiveness of alternate sanctions.

Gray contends that the penalty of removal is not reasonable primarily because he was unaware that he was violating Postal Service leave regulations. Gray cites Fleming v. United States Postal Service, 30 M.S.P.R. 302 (1986), to argue that his lack of knowledge compels mitigation. First, Gray's arguments regarding his lack of awareness were considered and rejected by the administrative judge. While the administrative judge stopped short of crediting Gray with knowledge of all the relevant provisions contained in hundreds of pages of ELM regulations, he nonetheless found that Gray should have been aware of the impropriety of working a second job while receiving paid sick leave. See Initial Decision at 17-18. It is undisputed that: (1) Gray worked at Home Depot while on paid sick leave; and (2) the length of his service at the Postal Service was nine years. In view of these undisputed facts, we can say that the administrative judge's finding is supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," i.e., substantial evidence. Hogan v. Dep't of the Navy, 218 F.3d 1361, 1364 (Fed. Cir. 2000).

Second, Gray's reliance on Fleming is misplaced. Fleming involved the removal of an employee for unscheduled absences that were subsequently approved. Fleming, 30 M.S.P.R. at 308. The Board in Fleming held that, before an employee could be disciplined for irregular attendance, he must be given clear notice that unscheduled absences caused by the failure to follow leave-requesting procedures can result in

05-3074                                    6

disciplinary action. Id. This requirement of "clear notice" stemmed from the concern that an employee may be "led to believe, through leave approvals, that [his or her] attendance patterns are acceptable—only to discover later that the approved leave is used as a basis for subsequent discipline." Id. In this case, Gray does not contend that he was being misled by the Postal Service into believing that his pattern of working at Home Depot while on paid sick leave was acceptable. Thus, Fleming is distinguishable and does not establish any reversible error in the Board's decision.

Gray further contends that his status as a union representative was impermissibly considered in the determination of the penalty because the administrative judge mentioned his status as a union representative in the initial decision. Gray's contention is without merit because he misconstrues the initial decision. In the proceedings before the administrative judge, Gray claimed that he lacked knowledge of the relevant ELM leave regulations. The Postal Service responded by arguing that Gray should have known the pertinent regulations based on his nine years of service and the fact that he served as a union representative. The administrative judge merely characterized the parties' arguments as such. See Initial Decision at 17. More significantly, however, the initial decision does not state, and Gray fails to provide any evidence, that Gray's status as a union representative was used as a basis for determining the penalty for abuse of sick leave. Thus, Gray has failed to establish any reversible error in the Board's decision.

Finally, Gray contends that the penalty of removal is not reasonable because the deciding official did not consider other mitigating factors such as the birth of a child and Gray's need to care for his other children and family members. Our precedent is clear

that the deciding official and the Board need not consider all of the <u>Douglas</u> factors in every case and need not explicitly state that a factor was considered and found irrelevant. <u>See</u> <u>Nagel</u>, 707 F.2d at 1386. Here, the Board considered the relevant factors and did not otherwise abuse its discretion in sustaining the penalty of removal.

## CONCLUSION

For the foregoing reasons, we conclude that the Board's decision, sustaining the charge of abuse of sick leave in its entirety, and sustaining the penalty of removal, is supported by substantial evidence, is not an abuse of discretion, and does not otherwise contain reversible error. Accordingly, we affirm the Board's decision.