Coversheet Corrected: April 9, 2007

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3043

KAN PLASAI,

Petitioner,

v.

DEPARTMENT OF TRANSPORTATION,

Respondent.

Kan Plasai, of Dallas, Texas, pro se.

Steven J. Abelson, Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were Peter D. Keisler, Assistant Attorney General; David M. Cohen, Director and Brian M. Simkin, Assistant Director. Of counsel on the brief was Ellyn M. Ponton, Attorney, Federal Aviation Administration, of Fort Worth, Texas.

Appealed from: United States Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3043

KAN PLASAI,

Petitioner,

v.

DEPARTMENT OF TRANSPORTATION,

Respondent.

_____

DECIDED: April 5, 2007

_____

Before MICHEL, <u>Chief Judge</u>, ARCHER, <u>Senior Circuit Judge</u> and DYK, <u>Circuit Judge</u>.

PER CURIAM.

Kan Plasai appeals a Merit Systems Protection Board ("Board") decision in DA-0752-06-0208-I-1 approving a settlement agreement and dismissing the appeal. For the reasons discussed below, we <u>affirm</u>.

## I.    BACKGROUND

The Department of Transportation's Federal Aviation Administration ("FAA") removed Ms. Plasai from her position as a Computer Specialist, FG-0334-09, at the Flight Standards District Office in Dallas, TX effective September 2, 2005 for misuse of her position by accessing confidential management documents without authorization or permission. Letter from Steven W. Douglas, FAA, to Kan Plasai, (Sept. 1, 2005).

Ms. Plasai timely appealed her removal to the Board. Prior to the Board's consideration of the merits of her appeal, Ms. Plasai, represented by counsel, entered into a settlement agreement with the FAA on May 10, 2006, which became effective on May 15, 2006.

Under the settlement agreement, Ms. Plasai agreed inter alia (1) to dismiss her appeal with prejudice, (2) to waive all of her claims against the United States, (3) to resign from the FAA effective May 15, 2006 and not seek re-employment with the Department of Transportation, and (4) to be bound by the terms of the agreement. Additionally, Ms. Plasai acknowledged in the agreement that she was represented by counsel during the settlement, that she understood the meaning of the agreement, and that the agreement was made freely and fairly without any duress or bad faith negotiations.

On May 15, 2006, the parties submitted their written agreement to the Board. Plasai v. Dep't of Transp., No. DA-0752-06-0208-I-1, (M.S.P.B. May 15, 2006) ("Initial Decision"). Finding that "the agreement appears lawful on its face, the parties freely entered into it, and they understand its terms," the Administrative Judge ("AJ") dismissed the appeal. Id. at 2. Ms. Plasai petitioned for full board review of the Initial Decision, challenging inter alia the voluntariness of the settlement agreement. The full board denied the petition on September 20, 2006, on the grounds that there was "no new, previously unavailable, evidence and that the administrative judge made no error in law or regulation that affects the outcome," thereby making the Initial Decision final. Plasai v. Dep't of Transp., No. DA-0752-06-0208-I-1, (M.S.P.B. Sept. 20, 2006) (citing

5 C.F.R. § 1201.115(d)). Ms. Plasai filed a timely appeal with this court. We have jurisdiction pursuant to 5 U.S.C. § 7703(b)(1) and 28 U.S.C. § 1295(a)(9).

## II. DISCUSSION

We must affirm the Board's decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." Chase-Baker v. Dep't of Justice, 198 F.3d 843, 845 (Fed. Cir. 1999) (citing 5 U.S.C. § 7703(c)).

On appeal, Ms. Plasai argues that the settlement agreement should be voided as involuntary. Because Ms. Plasai first questioned the voluntariness of the settlement agreement in a petition for review by the full board, not during the dismissal proceeding with the AJ, she has waived this argument before us. See Bosley v. Merit Sys. Prot. Bd., 162 F.3d 665, 668 (Fed. Cir. 1998) ("if the party . . . raises an issue for the first time in a petition for review by the full Board, this court will not consider the issue."); see also Sargent v. Dep't of Health & Human Servs., 229 F.3d 1088, 1091 (Fed. Cir. 2000) (holding that the issue of the voluntariness of a settlement agreement is waived on appeal if not raised before the Board).[1]

However, even if Ms. Plasai had properly raised below the voluntariness of the settlement agreement, her argument is unpersuasive. A petitioner challenging the validity of a settlement agreement bears a "heavy burden" of proof that the agreement is improper. Asberry v. United States Postal Serv., 692 F.2d 1378, 1380 (Fed. Cir. 1982).

---

[1]    In her reply brief, Ms. Plasai alleges that her husband raised the issue of voluntariness in a May 8, 2006 letter. However, she agreed to the settlement after the letter was sent, and there is no evidence that the voluntariness of the settlement agreement that she signed was raised before the AJ.

Ms. Plasai has not met this burden. For example, Ms. Plasai alleges that she suffers from a mental condition that impaired her judgment and that the AJ coerced her. However, these allegations, conclusory and perfunctory at best, do not offset the fact that Ms. Plasai was represented by counsel during the settlement agreement and before the AJ; signed the agreement after acknowledging it was freely made; and told the AJ at the settlement enforcement hearing that she freely entered into and understood the terms of the agreement. While we are sympathetic to Ms. Plasai's alleged medical condition, we conclude that the Board did not err in its dismissal of Ms. Plasai's appeal. Accordingly, we affirm.